SAMUELS, J.
These two cases being, substantially, between the same parties, in regard to the same property, and depending upon the same facts, were heard together in this court. Many of the facts are set forth in the case of Evans & wife v. Spurgin, 6 Graft. 107. The judgment in that case determined that the better right at law was in the demandants. After the judgment the tenant Spurgin and others, the heirs at law of Lantz, filed a bill in equity in the Circuit court of Preston county, in which county the land lies, against the heirs at law of Gilley C. Evans (she and her husband John Evans being then dead), to whom the legal title had descended. The sole purpose of this bill was to enjoin the judgment at law until the equity alléged in the other bill could be decided on. Spurgin also filed a bill in the Circuit court of Monongalia county, impeaching the decree of April 1836, as being obtained by fraud on the part of Evans and wife. This fraud is alleged to have been perpetrated by removing the cause from the District court of chancery at Staunton to the Circuit court of Monongalia, and proceeding therein, as reported in 6 Grattan above ^referred to, without revivor against Lantz’s heirs. The bill alleges that if the heirs had thus been made parties, it would have been shown that Staley’s decree of 1807 had been fully satisfied; that Nimrod Evans, in making the purchase, was either acting as the agent of Staley, or that any interest he might have had under his purchase was passed to Staley. That the claim asserted by Staley in the chancery cause, and the claim of Nimrod Evans, whatever it was, were fully adjusted by Staley and Lantz with the privity of Evans. That an agreement in writing was entered into between Lantz and Staley on the 26th of November Í807, with the privity of Evans, by which Staley again sold to Lantz the land in controversy with other land, for one thousand eight hundred and fifty dollars, to be paid by Lantz to the credit of Staley with Henry Schroeder of Baltimore; that the price was paid accordingly, and that Staley on the 16th of August 1809, conveyed the land t'o Lantz as the contract required.
The facts alleged are established by satisfactory proof. The original agreement in writing is not produced; but a paper in the handwriting of Evans is exhibited purporting to be a copy of that agreement. The signatures of Staley and Lantz are not affixed to this copy: but that it truly sets forth the terms of the agreement is manifest from the facts that Lantz procured credit for Staley with Schroeder for the price of the land named in the copy, that is one thousand eight hundred and fifty dollars; and that this credit was as of the date of November 26th, 1807, the date of the alleged contract; and that Staley afterwards, on the 15th of August 1809, executed a deed to Lantz for the land described in the copy filed, which includes the land in controversy. The acts performed by Staley and Lantz,- respectively, distinctly show what the contract was; and their long acquiescence *in the state of things resulting from those acts stamps the contract with absolute verity. So far as the claim of Evans’ heirs depends upon the decree in favor of Staley, it is wholly without foundation in equity.
That Nimrod Evans was privy and consenting to the arrangement between Lantz and Staley, is as fully shown as any such fact can usually be shown after such a lapse of time. A paper is produced in the handwriting of Evans, setting forth the terms of the contract precisely as they were after-wards performed by Lantz and Staley respectively ; this paper is endorsed in Evans’ handwriting, “J. Staley & D. Lantz. *301 Agreement. Copy. N. E.” Evans never in anywise whatsoever exercised any act of ownership over the property, but left it in possession of Eantz and those claiming under him. He was clerk of the County court of Monongalia count}’, and although the deed to himself from the commissioners in the chancer}' suit, had been admitted to record in his court, yet he never caused the alienation to be noticed on the land ¡ )oks of the commissioner of the revenue by withdrawing the taxes from Eantz and • acing them to his own account. If the land was really his, his official duty required him to make the change; and his duty as a private citizen required him to cause the change to be made. The deed from Staley to Eantz was recorded in the office of which Evans was clerk; and under that deed the vendor and those claiming under him have held quiet possession until disturbed by Evans’ residuary devisee asserting a title which Evans himself never set up.
Upon all this I hold that Nimrod Evans had no title, good in equity, against Eantz and those claiming under them. It only remains to consider whether the appellees can set up their equitable title against the legal title held by the appellants. Several reasons "are alleged by the appellants why the equitable title shall not be now set up:
1. Eaches.
2. The statute of limitations.
3. That the appellee Spurgin purchased the land with knowledge of the legal title held by Evans and wife.
In regard to the first: Eapse of time is justl}’ allowed great weight in controversies about transactions long since passed. This weight, however, is thrown in favor of the party who insists that the state of things existing during that lapse shall not be disturbed. This is especially the case where the immediate parties to any given transaction are dead. It is presumed that any person having the right of property will ever use that right, such being the ordinary course of things. If no such right be exercised, the presumption is obvious that the right does not exist. In the cases before us, however, the appellees seek only to preserve the existing state of things; they and those under whom they claim have been in possession of the subject in controversy, and have held it since August 1809 at least. They are demanding nothing at the hands of the appellants; they seek only to defend their long continued actual possession, by means of their superior equitable title; a title fully proved by the direct testimony, and confirmed by the lapse of time. There is nothing in the record on which to found the allegation that the appellees or those under whom they claim have abandoned or waived their rights; on the contrary, from 1805 or from 1809, they have in the most emphatic manner asserted those rights by holding and enjo}’ing their property.
Second. As to the statute of limitations: To sustain this branch of the defense, the appellants rely upon 1 Rev. Code, p. 475-6, $ 4. In considering this "objection it must be recollected that the bills before us are filed for the purpose of avoiding transactions occurring after the decree of 1807; and to prevent the fraudulent use of that decree. The nature of those transactions I have already considered. If we could even hold that the party was guilty of no actual fraud in removing the case from the court at Staunton to Monongalia, and proceeding therein without reviving against Eantz’s heirs and administrator, yet the gross disregard of the rights of others manifested in that proceeding is equivalent to fraud; it does all the mischief of fraud. The attempt of the appellants to enforce a mere legal title against a clear equitable title accompanied by long possession, is in itself a fraud; if innocent in acquiring the legal title, they are guilty of fraud in the attempt to use it. If we put ourselves in the place of the legislature, with the purpose of ascertaining the intention of the statute, we cannot suppose for a moment that it was intended to appl}’ to such a case as this. The language of all public statutes is necessaril}’ general; it is the duty of courts to determine their applicability to the circumstances of each particular case coming before them. The statute in question intends to quiet the possession of property acquired under decrees fairly obtained against absent parties, to bar any further litigation in the matter of the suit so decided, after seven years from the date of the decree. It does not intend to quiet parties in the enjoyment of property acquired under a decree fraudulently obtained; and this to the prejudice of parties fraudulently omitted.
Third. The third objection is without force: The vendors of the appellee Spurgin were in actual possession claiming title, and supposing that title to be good at law. In this they were mistaken ; for the title, although clearly good in equity, was not good "at law. No reason can be assigned why a vendor in actual possession holding a good equitable title may not sell his title and deliver possession to another; the circumstance that another holds a legal title which may be called in at any time and conveyed to the real owner, cannot prevent the real owner from selling.
I am of opinion to affirm the decrees.
The other judges concurred.
Decrees affirmed.
DECREES.
I. In General.
II. Nature and "Extent of Belief.
1. Complete Relief.
a. Flexibility.
3. Under the General Prayer.
i. Between Codefendants.
III. Essentials of Valid Decree.
1. Jurisdiction.
a. Of Parties Generally.
b. Of Nonresidents,
c. Of Subject-Matter.
a. Conformity to Pleadings and Proofs.
*302 IV. Presumption and Effect.
1. Presumption.
a. As to Recitals.
b. As to Record.
2. Effect.
a. In General.
b. Of Decree of Competent Court.
c. Of Decree of Pending Suit.
d. Exterritorially.
e. Directing Conveyance.
f. Res Judicata.
V. Kinds of Decrees.
1. Interlocutory.
a. In General.
b. What Constitutes.
c. Evidence after.
d. Rehearings of.
e. Appeals from.
2. Final.
a. In General.
b. What Constitutes.
c. Subsequent Proceedings.
d. How Reversed.
3. For Account.
a. In General.
b. When Improper.
c. Effect.
4. By Consent.
a. What Constitutes.
b. Validity and Effect.
c. How Set Aside.
5. By Default.
a. Appeals from.
b. Relief from.
6. Pro Confesso.
a. In General.
b. When Proper.
c. Relief from.
Vi. In Particular Cases.
1. Against Infants.
a. In General.
b. Reservations.
c. Effect.
2. Against Executors and Administrators.
a. In General.
b. Effect.
c. Personal Decrees.
d. Taking Accounts.
3. In Judicial Sales.
a. In General.
b. Jurisdiction.
c. Liens and Priorities.
d. Rents and Profits.
e. Personal Decrees.
f. Errors and Omissions.
4. Against Married Women.
5. Against Nonresidents.
6. For Interest.
VII. Errors and Omissions.
VIII. Amendment, Correction and Entry in Vacation.
1. What Proceedings Proper in General.
2. Of Interlocutory Decrees.
3. During Term.
4. After Term.
5. -Immaterial Errors.
6. Judicial Errors.
7. Clerical Errors.
8. Mistake or Surprise.
9. Entry in Vacation.
IX. Construction and Operation.
1. Construction.
2. Operation.
a. As a Lien.
(1) When It Begins.
(2) What It Binds.
b. Of Entry.
c. As Evidence.
d. Of Limitation.
X. Collateral Attack.
XI. Enforcement.
XII. Of Court of Appeals.
1. In General.
2. Jurisdiction.
3. When It Will Affirm.
4. When It Will Amend.
5. When It Will Reverse.
6. Its Effect.
Cross References to Honographic Notes.
Appeals.
Bills of Review, appended to Campbell v. Campbell, 22 Gratt. 649.
Commissioners in Chancery, appended to Whitehead v. Whitehead, 23 Gratt. 376.
Costs, appended to Jones v. Tatum, 19 Gratt. 720. Creditors’ Bills.
Divorce, appended to Rathey v. Rathey, 21 Gratt. 43.
Executions, appended to Paine v. Tutwther, 27 Gratt. 440.
Executors and Administrators.
Fraudulent and Voluntary Conveyances, appended to Cochran v. Paris, 11 Gratt. 348.
Husband and Wife.
Infants, appended to Caperton v. Gregory, 11 Gratt. 505.
Interest, appended to Fred v. Dixon, 27 Gratt. 541.
Judgments.
Judicial Sales, appended to Walker v. Page, 21 Gratt. 636.
Liens.
I. IN GENERAL.
Scope.—The scope of this note includes the general subject of decrees. The treatment of decrees in particular cases in most instances has been limited, and in some cases it has been altogether omitted, reference being made to the monographic notes on the particular subjects for a more complete treatise.
Definition.—A decree is the judicial decision of a litigated cause by courts of equity, admiralty and probate. In its accurate use the term is employed to distinguish decrees of equity courts from judgments of law courts, though the term judgment is often used to include both. Bouvier’s Law Dictionary.
Should Conform to Law of State Where Liability Is Fixed.—The decrees of courts of chancery in a state should conform to the law of the state where the liability of the parties is determined, and if it is by that law several, to render a joint decree will constitute error. De Ende v. Wilkinson, 2 P. & H. 663.
Judge Must Be Disinterested.—It is a general and fundamental rule that no man can be a judge in his own cause, and a decree pronounced by a judge who is even remotely interested in the subject-matter in controversy is voidable, and will be set aside if the proper steps therefor are taken. Findley v. Smith, 42 W. Va. 299, 26 S. E. Rep. 370.
*303 II. NATURE AND EXTENT OF RELIEF.
1. COMPLETE RELIEF.
Against Party Ultimately Liable.—it is the practice of a court of equity to decree, in the first instance, against the party who is ultimately liable; but this is done only where the parties are before the court at the time of the decree, and their several liabilities are clearly ascertained. Garnett v. Macon, 6 Call 308.
Joint Decree against Guardian and Sureties.—A joint decree may be entered against a guardian and his sureties in an action against them by the ward on their official bond. Equity never takes two bites at a cherry, and it will not require that the guardian shall be proceeded against first, before the sureties may be held liable. Barnes v. Trafton, 80 Va. 524.
When Proper to Decree against Surety in First Instance.—In an action against a principal debtor and his surety, the bill alleges that there is no estate of the principal against which the plaintiff might resort, and that he is insolvent; this allegation is not denied in the answers and is sustained by the record. In such case it is not error to decree at once against the estate of the surety. Jones v. Degge, 84 Va. 685, 5 S. E. Rep. 799.
Against Land Partitioned among Heirs.—When land, which has been partitioned among heirs, is sold to enforce the vendor’s lien, it is not error to decree the sale of their respective shares to pay their proportion of the lien, when it does not appear that the debt will be prejudiced or delayed. Max Meadows L. & I. Co. v. McGavock. 96 Va. 131, 30 S. E. Rep. 460.
Liability of Grantee under Invalid Title to Creditors. —In a suit in chancery against two defendants, one of whom is a nonresident, and the other is in this country, if the defendant present appear not to be a debtor of the absentee, but to hold effects belonging to him by a title invalid as to creditors, he should be considered personally responsible for so much as he may have used, or for the profits he may have received from them, and for that amount a decree may be made against him personally in the first place, holding the property in his hands ultimately liable if he be insolvent; for the balance of the plaintiff's claim, the court may proceed in the first place against the property itself. Gibson v. White, 3 Munf. 94.
Dissolving Injunction against Assignee of Bond.— The decree of a court of equity, dissolving an injunction against the assignee of a bond, because the payments, for which credits are claimed by the complainant. were made to the obligee after notice of the assignment, ought to also provide that the obligee (being defendant to the bill) do repay the sum so received by him. so soon as the complainant shall have paid the amount of the judgment to the assignee. Roberts v. Jordans, 3 Munf. 488.
Equalization in Final Distribution.—if a court of equity takes charge of a large fund, and enters a general decree providing for the distribution of such fund among the distributees entitled thereto in proportionate shares, and in subsequent decrees relating to the fund it departs from such apportionment. in its final distribution of the residue it should so equalize the same as to make the final decree conform to the general decree. Kearfott v. Dandridge, 45 W. Va. 673, 31 S. E. Rep. 947.
Where Maker of Note Enjoins Payee and Assignee.— If the maker of a negotiable note file abill of injunction against the payee and assignee on the ground of an equity affecting the payee only, the court of ¡ ; chancery haying before it all the parties concerned, ought not to discharge the maker altogether, nor to turn over the assignee to a suit at law against the payee, but should decree against the latter in the first instance that he pay the amount of the note to the assignee, and liberty should be reserved to the assignee to apply to the court to dissolve the injunction as to the maker for so much of the debt as he may not be able to recover from the payee: in which case a decree ought also to.be rendered in favor of the maker against the payee, for so much thereof as he may be compelled to pay. And the decree should further direct that the action at law in favor of the assignee against the payee, be perpetually enjoined. McNiel v. Baird, 6 Munf. 316.
Additional Trustee Appointed and Accounts Settled. - Where a creditor filed a bill, and asked that a deed of trust to secure him be enforced, it was held competent and proper for the court to decree the appointment of another trustee to aid the execution of the trust, and also to settle the accounts of the administrator, and to adjust and protect the rights of the complainant and all the parties in interest. Woods v. Fisher, 3 W. Va. 536.
2. FLEXIBILITY.
In General.—It is a distinctive characteristic of chancery courts that they have the power to mould their decrees to suit the postures of the case, and to embrace and finally dispose of the rights of the parties to the cause in one decree. 5 Enc. Pl. & Pr. 958, and cases cited. See also, Roberts v. Jordans, 3 Munf. 488; Kearfott v. Dandridge, 45 W. Va. 673, 31 S. E. Rep. 947.
Against Voluntary Devisees -Contribution. Where a decree is rendered on behalf of a creditor against several voluntary devisees of the debtor, a court of equity should decree contribution among them, so that each man should only pay his just proportion of the debt. But all the devisees should be liable for the failure of any one to pay his part, until the debt is completely discharged, as far as he has received the funds of the donor. Chamberlayne v. Temple, 2 Rand. 384.
Legatees Joint Plaintiffs.—Though specific legatees jointly sue, the decree ought tobe several, in conformity with their respective rights. Quarles v. Quarles, 2 Munf. 321.
Against Devisees—Pro Rata Decree.—Where a suit is brought to subject land in the hands of two devisees, one of whom owns one-fourth and the other three-fourths, for the payment of a debt due from their ancestor, the decree should be separate against each for the payment of his pro rata share of the debt, with a reservation to the plaintiff to proceed against him for so much of the share of the other as can be made out of that one’s part of the land. Pugh v. Russell, 27 Gratt. 789.
A decree against devisees, who hold by several and distinct devisees, ought not to be against them jointly, but should have directed a valuation of their lands, and charged them pro rata. Mason v. Peter, 1 Munf. 437.
Fraudulent Transaction—Apportionment of Relief. Where a transaction between a debtor and his creditor was intended by both of them to defraud the other creditors of the debtor, but the creditor was not as guilty as the debtor, a court of equity ought not to refuse relief to the debtor altogether, but ought to apportion the relief granted to the degree oi guilt of both parties, in order to avoid the encouragement of fraud, and to prevent extortion and oppression. Austin v. Winston, 1 H. & M. 33, 3 Am. Dec. 583.
*304 Annuity—Future Payments.—In a suit in equity for arrears of an annuity, the decree should he for the sum due, reserving liberty to apply to the court from time to time to extend its decree so as to embrace the payments thereafter falling due. Marshall v. Thompson, 2 Munf. 412.
Same—Security by Mortgage.—A decree against the purchasers of a tract of land, which is encumbered by a mortgage to secure the payment of an annuity ought to provide that so much of the land respectively he sold as will he their proportions of the sum due and unsatisfied by a sale of that part of the tract of land which was retained by the vendor, except so far as they shall pay their respective proportions of debt, and agree to hold their lands subject to the future decree of the court for their share of any sums becoming due to the plaintiff thereafter. Mayo v. Tomkies, 6 Munf. 520.
Estate Committed to Sheriff—Managed by Deputy.— Where the representative of a sheriff was sued on account of an estate committed to his hands, and it appeared that his deputy, who was also sued, had the entire management of the estate, the court may decree against the deputy in the first instance, if assented to by the plaintiff, reserving liberty to him to resort to the court for decrees against the other parties. But if such consent was not given, it was the duty of the court to decree between the defend ants, in order to throw the burden on the person ultimately liable. Cocke v. Harrison, 3 Rand. 494.
3. UNDER THE GENERAL PRAYER.
Decree Different from Special Prayer.—Though the decree entered In a suit he different from the special relief prayed for, still If the hill contains a prayer for general relief, and a proper case is made for such relief, it may he given under the prayer for general relief, if consistent with that which is actually prayed. Raper v. Sanders, 21 Gratt. 60; Brown v. Wylie, 2 W. Va. 502. But there can he no decree distinct from that demanded by the hill. Pickens v. Knisely, 29 W. Va. 1, 11 S. E. Rep. 932; Sheppard v. Starke, 3 Munf. 29.
Entitled to Decree on Other Grounds Than Alleged.— Whenever the object of a hill is to recover money for any debt, or for the breach of any contract, or on account of any other matter, and it is shown that the complainant is entitled to any sum on account of the particular matters and transactions alleged in the bill, though it may he on other grounds, and for different reasons, and for a less amount than is alleged and claimed in the bill, the amount to which the claim ant may he so entitled may he decreed to him under the general prayer for relief. Hall v. Pierce, 4 W. Va. 107.
Personal’ Decree against Grantor for Fraudulently Marking Deed Satisfied.—Under the prayer of general relief In a suit to enforce a deed of trust, a personal decree may he entered against the grantor for any loss suffered by the plaintiff, because of the fraudulent marking satisfied of said deed by the grantor after assignment to the plaintiff. Evans v. Bank, 95 Va. 294, 28 S. E. Rep. 323.
Interest in Suit to Set Aside Fraudulent Conveyance. —A creditor having obtained a judgment against his debtor, without running interest, his execution is obstructed by a fraudulent conveyance made by the debtor of his property. A suit in chancery is then brought to remove the obstruction of the conveyance, and for general relief. The chancellor ought to decree the interest, as well as set aside the conveyance; the prayer for general relief being sufficient to cover the demand of interestBeall v. Silver, 2 Rand. 401.
4. BETWEEN CODEPENDANTS.
General Doctrine.—The general doctrine in regard to decrees between codefendants in equity has been well stated by Lord Eddon as follows: ‘‘Wherever a case is made out between defendants by the evidence arising from pleadings and proof between plaintiffs and defendants, a court of equity is entitled to make a decree between the defendants, and is bound to do so. The defendant chargeable has a right to insist that he shall not he liable to he made a defendant In another suit for the same matter which maybe then decided between him and his codefendant. And the codefendant may insist that he shall not he obliged to institute another suit, for a matter which may he then adjusted between the defendants.” Blair v. Thompson, 11 Gratt. 441. See Braxton v. Harrison, 11 Gratt. 30; and Taliaferro v. Minor, 2 Call 190; Titchenell v. Jackson, 26 W. Va. 460.
It is well settled that where a case is made out between codefendants by evidence arising from pleadings between the complainants and defendants, a court of equity should render a decree between the codefendants; hut when there are no such pleadings, a court of equity cannot render a decree between the codefendants. Worthington v. Staunton, 16 W. Va. 208; Roots v. Mason City, S. & M. Co., 27 W. Va. 483; Burlew v. Quarrier, 16 W. Va. 108; Yates v. Stuart, 39 W. Va. 124, 19 S. E. Rep. 423; Hoffman v. Ryan, 21 W. Va. 415; Templeman v. Fauntleroy, 3 Rand. 434; Morris v. Terrell, 2 Rand. 6; Ruffner v. Hewitt, 14 W. Va. 737; Vance v. Evans, 11 W. Va. 342.
Must Be Proper Case for Decree for Plaintiff.—There can he no decree in any case between codefendants, when no decree can properly he rendered in favor of the plaintiff, whether this arises from the fact that the bill does not make out a case, which entitles him to relief, or from the fact that the proof does not sustain the case as set out in the hill. Watson v. Wigginton, 28 W. Va. 533, citing Hansford v. Chesapeake Coal Co., 22 W. Va. 70; Ould v. Meyers, 23 Gratt. 384: Hubbard v. Goodwin, 3 Leigh 522, and numerous other cases to the same effect. See Western Lunatic Asylum v. Miller, 29 W. Va. 326, 1 S. E. Rep. 740; Radcliff v. Corrothers, 33 W. Va. 694, 11 S. E. Rep. 232; Kinports v. Rawson, 36 W. Va. 237, 15 S. E. Rep. 68; Glenn v. Clark, 21 Gratt. 35.
But in a hill asking that the liens In a debtor’s lands he audited, the order of their priorities ascertained, and that the land he sold to pay them, though a particular debt is conceded to he a lien, it is proper foi; the debtor and other lienor to dispute such lien without violating the above rule. Tavenner v. Barrett, 21 W. Va. 656.
Issue Must Be Made.—The contest between podefendants can never come fairly before the court, where no issue is made up, nor any provision for taking their testimony as to the matters in difference between them. Hubbard v. Goodwin, 3 Leigh 492.
Same—Satisfactory Evidence.—Unless the matter has been put in Issue by the pleadings, and" there Is satisfactory evidence of the facts, it is not deemed proper to decree in favor of one defendant against another. Yerby v. Grigsby, 9 Leigh 387.
First Subjecting One Ultimately Liable.—A court of equity may enter a decree between codefendants, in a case where the same decree operates in favor of the complainant, by subjecting in the first *305 instance that defendant who ought ultimately to pay the debt. McNiel v. Baird, 6 Munf. 316.
When Decree Not Proper.—In a bill brought by vendee of land to enjoin the payment of purchase money, alleging as a ground a defect of title to a part of the land, and also alleging that there is an adverse claimant to part of the land, there is no privity between the plaintiff and the adverse claimant, and the equity between the latter and the vendor does not arise from the pleading and proof between plaintiff and defendant, and is not therefore the proper subject of a decree between codefendants. Steed v. Baker, 13 Gratt. 380.
Same—Suit against Administrator and Sureties for Devastavit.—A bill was filed by a creditor against an administrator and his sureties, charging a devastavit by the former, and the liability of his sureties for it. Some of the sureties insist in their answer that under the circumstances one of the sureties is liable to the other, if they are liable to the plaintiff. There was a decree for the plaintiff, and though it appeared that the devastavit was occasioned by a payment of a debt of inferior dignity to the surety sought to be charged, yet it was not a proper case for a decree between codefendants. Allen v. Morgan, 8 Gratt. 60.
Proper Case.—Where a decree for a sale of land which was bound for the payment of certain notes was interlocutory, although it was affirmed on appeal, there may be a decree between the codefendants when the cause goes back, if it is a proper case for such a decree. Alley v. Rogers, 19 Gratt. 366.
Same—Setting Aside Fraudulent Deed. —Wh ere j udgment creditors seek to subject land of their debtor, which has been conveyed in trust to secure a debt, and in their bill they charge that the deed was intended by the grantor to defraud his creditors, and the trustee and creditor were cognizant of the fraudulent intent at the time, there is enough in the pleadings to justify a decree between the codefendants. Barger v. Buckland, 28 Gratt. 850.
III. ESSENTIALS OF VALID DECREE.
1. JURISDICTION.
a. Of Parties Generally.
General Rule—Notice Essential—Effect of Recital.— Jurisdiction of the canse and parties is essential to the conclusiveness of a decree. To acquire jurisdiction of the defendant it is necessary that in some appropriate way he be notified of the pendency of the suit. If upon inspection of the record, it appears that no such notice has been given, the decree is void. But if the court rendering the decree is a domestic court of general jurisdiction, and the record recites that notice has been given, such recital cannot be contradicted by extrinsic proof. In such case the decree is sustained, not because a decree rendered without notice is good, but because the law does not permit the introduction of evidence to overthrow that which, for reasons of public policy, it treats as absolute verity. Wilcher v. Robertson, 78 Va. 602.
Decree a Nullity if No Notice Is Given.—No doctrine is better settled than that every man is entitled to a day in court to defend his rights, and that a decree rendered against him, when he has had no opportunity for defence, is a nullity, and maybe so pronounced by any court wherein it may be drawn into controversy. Ogden v. Davidson. 81 Va. 757; Myrick v. Adams, 4 Munf. 366; Robinson v. Dix, 18 W. Va. 528; Myers v. Nelson, 26 Gratt. 729; Beery v. Irick, 22 Gratt. 614; Purdie v. Jones, 32 Gratt. 827; Fultz v. Brightwell, 77 Va. 742; Hobson v. Yancey, 2 Gratt 73; Shaffer v. Fetty, 30 W. Va. 248, 4 S. E. Rep. 278. The same doctrine is applicable where the decree is in favor of a person not a party. See Bailey v. Robinsons, 1 Gratt 4, 42 Am. Dec. 540; Sheppard v. Starke, 8 Munf. 29. The fact that the necessary parties are infants makes no difference. Clendenning v. Conrad, 91 Va. 410, 21 S. E. Rep. 818.
Against Trustee Not Binding on Cestui Que Trust Not a Party.—In a suit where there is a claim under an adverse title to property, which has been conveyed to trustees for the payment of debts, to which only the grantor and the trustees were made parties defendant, a decree in the cause in favor of the plaintiff does not bind the cestuis que trust because they were not parties to the suit. Com. v. Ricks, 1 Gratt. 416. The general rule that a decree against trustees is not binding on their cestuis que trust seems to be universally accepted as the just and correct doctrine. See Collins v. Lofftus, 10 Leigh 5, 34 Am. Dec. 719, and note.
Coexecutors—Process against Both Essential —A legatee assigns his interest under a will, which appoints two executors to sell the property therein conveyed, and divide the proceeds among the several legatees. The assignee brought suit against one of the executors only, and did not make the legatees parties. On both of these grounds it was an error for the court to render a decree in favor of the plaintiff. It should also have taken an account of the sale before it rendered a final decree for any particular sum, and this, notwithstanding the defendants have not answered and the bill was taken for confessed. Findlay v. Sheffey, 1 Rand. 73.
Personal Decree against a Corporation.—in West Virginia a personal decree may be rendered for specific performance against a foreign corporation* upon which actual service has been had within the state under the provisions of the statute. Shafer v. O’Brien, 31 W. Va. 601, 8 S. E. Rep. 298.
Erroneous Where Proper'Parties Not Summoned.—A bill was filed on behalf of certain infants against the heirs of their guardian, his administrator, the surviving security on his bond, and the administrator of the other security, as codefendants. Process was not served on a part of the heirs, nor on the surviving security. The decree against the administrator of the deceased security was held to be erroneous, because the proper parties were not before the court. Bland v. Wyatt, 1 H. & M. 543.
To Sell Land of Testator Devisees Are Necessary Parties—In a suit for the sale of the land of a testator, his devisees were not made parties. A decree* was rendered appointing commissioners to sell, who complied with the decree, and their report was confirmed. But it was held that the devisees were not bound by the decree, and that the sale and deed of the commissioners, and the subsequent confirmation of their report, did not operate to pass the legal title. Hudgin v. Hudgin, 6 Gratt. 320, 53 Am. Dec. 124.
Decree Nisi Necessary before Final Decree—Appearing before Commissioner of Accounts.—Where a defendant in chancery has not answered the bill, it is error to enter a final decree against him without the previous service of a decree nisi. And his appearing before commissioners appointed to take an account, or having notice of their proceeding to take it, does not preclude him from making this objection. Legrand v. Francisco, 3 Munf. 83.
Creditors’ Suit—Service of Notice of Account.—A court has no jurisdiction over a person who has not *306 been made a party to a suit, and could render no decree against him, and if one was rendered it was a mere nullity. Hence, where in a creditors’ snit to subject real estate, the debtor only is made defendant, although there is a prior deed of trust on the land, a decree in such suit is not binding on the trustee or the cestui que trust, nor does the service of a notice of the taking of accounts by the commissioner make them parties, or render such decree valid. McCoy v. Allen, 16 W. Va. 724.
When Defendant Is in Lines of Enemy.—A decree in a suit instituted by a plaintiff within the union lines against defendants in the confederacy, who do not appear and are unnotified other than by order of publication, is void and may be so considered in that or any subsequent suit. Sturm v. Fleming, 22 W. Va. 404; Grinnan v. Edwards, 21 W. Va. 347; Haymond v. Camden, 22 W. Va. 180.
Of Court of Appeals of Virginia in 1861.—A decree rendered by a pretended court of appeals of Virginia at Richmond during the pendency of the civil war, who acted under the authority of citizens of a state then in insurrection against the United States, is not binding on the parties to such cause. Snider v. Snider, 3 W. Va. 200.
Effect of Giving Depositions.—Where defendants are not served with process, and do not in any way enter an appearance in a cause, a personal decree cannot be entered against them, and the fact that they gave their depositions in a case does not authorize the court to give such a decree against them. Edichal, etc., Co. v. Columbia, etc., Co., 87 Va. 641, 13 S. E. Rep. 100.
Action by Joint Vendees—Both Must Be Represented. —After a judgment has been recovered by a vendor against two joint vendees of land for the balance of the purchase money, one of the vendees dies and the other brings a suit in equity against the vendor, asking that the judgment be enjoined and money refunded because of a deficiency in the quantity of the land. In sucha cáse it is improperio entera decree without having the representatives of the deceased vendee before the court. Crawford v. McDaniel. 1 Rob. 448.
Patents—Patentee Must Be Represented.—A court of equity has j urisdiction to set aside a patent obtained with knowledge of a prior entry, but the court cannot enter a decree in such case on the merits, until the patentee or his representative has been made party to the suit. Hagan v. Wardens, 3 Gratt. 315.
b. Of Nonresidents.
Nonresidents Must Have Notice.—As to defendants, who are nonresidents, who have had no service of process upon them, have not appeared or authorized anyone to appear for them, no personal decree can be entered against them. McGavock v. Clark, 93 Va. 810, 22 S. E. Rep. 864; Coleman v. Waters, 13 W. Va. 278; Barrett v. McAllister, 33 W. Va. 738, 11 S. E. Rep. 220.
Regularity of Proceedings Should Appear.—The record of a suit in which there'were nonresident defendants shows that after a decree nisi, the “bill was taken for confessed” at the next rules. This was followed by decrees affecting absent defendants, who were not before the court. It was recited that there was an order of publication as to the absent defendants, but there was nothing to show that it was posted as required by statute. No decree should be rendered affecting the interest of an absent defendant, unless it appear (if it be not otherwise brought before the court) that he had been regularly proceeded against by order of publication duly published in a newspaper and posted at the frontdoor of the courthouse. McCoy v. McCoy, 9 W. Va. 443, citing Craig v. Sebrell, 9 Gratt. 131; Hadfield v. Jameson, 2 Munf. 53. In a suit in chancery against a defendant, who is out of this country, and another within the same, having in his hands effects of, or otherwise indebted to, such absentee, a decree cannot be entered against the defendant in this country until, by legal and regular proceedings, the plaintiff has established his claim against the absentee. Gibson v. White, 3 Munf. 94.
c. Of Subject-Matter.
Jurisdiction Essential to Valid Decree.—It is an elementary principle in our jurisprudence, that jurisdiction of the subject-matter and the parties is essential to the conclusiveness of a decree and though a court may obtain jurisdiction rightfully, yet its decree may be void, because in the progress ofilecase.it has exceeded its jurisdiction. In a snit for the sale of land a court exceeded its jurisdiction, hence it was held that the proceedings under the decree of sale were void and might be attacked collaterally. Seamster v. Blackstock, 83 Va. 232, 2 S. E. Rep. 36.
Same—Bankruptcy.—in a suit in bankruptcy it appeared that the court had no jurisdiction over the lands of a.person, which had not been surrendered in that court, and against which the bankrupt had no claim. The court was therefore lacking in jurisdiction of the subject-matter, and its decree fixing liens upon the same was void, and may be set aside and disregarded as a nullity, wherever and whenever it may be called in question. Richardson v. Seevers, 84 Va. 259, 4 S. E. Rep. 712.
Same—Contempts.—It is no contempt of court to violate or disobey an order or decree which the court had no authority to make. If the court had no jurisdiction to make said order it is without authority and void. Ruhl v. Ruhl, 24 W. Va. 279, citing Swinburn v. Smith, 15 W. Va. 483, 500.
Improper Exercise of Jurisdiction.—Where jurisdiction has been obtained over the person and subject-matter no error in its exercise can make the judgment void. The authority to decide being shown, it cannot be divested by being improperly or incorrectly employed. Dawson v. Moorman, 85 Va. 880, 9 S. E. Rep. 150.
2. CONFORMITY TO PDEADINGS AND PROOFS.
General Rule.—It is a well-settled rule of the courts of equity that a decree can only be entered in accordance with the case as made by the pleadings, and no account will be taken of evidence of matters not alleged. Welfley v. Shen., etc., Co., 83 Va. 768, 3 S. E. Rep. 376; Mundy v. Vawter, 3 Gratt. 518; Kent v. Kent, 82 Va. 205; Potomac Mfg. Co. v. Evans, 84 Va. 717, 6 S. E. Rep. 2; Staples v. Staples, 85 Va. 76, 7 S. E. Rep. 199; Smith v. Lowther, 35 W. Va. 300, 13 S. E. Rep. 999; Roberts v. Coleman, 37 W. Va. 143, 16 S. E. Rep. 482; Vance Shoe Co. v. Haught, 41 W. Va. 275, 23 S. E. Rep. 553.
Evidence.—Although a plaintiff may present a good case by his proofs he is not entitled to a decree which is not justified by the allegations of his bill. Evans v. Kelley (W. Va.), 38 S. E. Rep. 497. A decree must be justified by both the pleadings and the proof. Fadely v. Tomlinson, 41 W. Va. 606, 24 S. E. Rep. 645. When the evidence is defective as to a particular item, no decree should be made as to that. McConnico v. Curzen, 2 Call 358, 1 Am. Dec. 540.
Answer.—If matter appear in the answer of a defendant in equity, which is nowise alleged in the *307 .bill, it cannot justify a decree against the defendant, though it might have been ground for such decree if it had been alleged in the bill. Eib v. Martin, 5 Leigh 132.
When the answer of the defendant contains a claim which has no connection with the relief sou ght in the bill, and is not necessary to be considered in deciding the case as made by the bill, and the court in its decree expresses an opinion in favor of the defendant, this decree does not conclude the question when it is afterwards set up by the defendant in a crossbill in the cause. Niday v. Harvey, 9 Gratt. 451.
No Relief Unless Prayer Therefor.—When the pleadings contain no proper prayer therefor, it is error to decree aifirmative relief. Harrison v. Brewster, 38 W. Va. 294, 18 S. E. Sep. 568; Middleton v. Selby, 19 W. Va. 168.
On Matters in Cross Bill Not in Original Bill. —No decree can be found upon matters in a cross bill, which are not stated in the original bill, for as to them it is an original bill. Hansford v. Chesapeake Coal Co., 22 W. Va. 70.
Trustee of Married Women.—Where there was no misconduct in the trustee of a married woman, it was error to enter a personal decree against him in a suit brought to enlorce collection of a debt of his cestui que trust. Woodson v. Perkins, 5 Gratt. 345.
Debts of Heirs Not Enforceable in Suit to Charge Ancestor’s Estate.— A suit against a decedent’s representative to charge his estate with a debt, the pleadings in which contain no allegation of debts against his heirs, and ask no relief as to their debts against land descended to them from such decedent, cannot be made the vehicle of ascertaining and enforcing personal debts of such heirs against such land, and any decree entered therein as to that matter will be a nullity. Fowler v. Lewis, 36 W. Va. 112, 14 S. E. Rep. 447.
Decree Void as to Party Not Named, and No Allegation against.—in a bill in chancery against several defendants, process was issued against one who was not a party defendant, and against whom there was no allegation and no relief prayed. A decree was entered against him by default and against the other defendants, by some of whom an appeal was taken and the decree reversed as to them, but in all things else affirmed. The decree was a mere nullity as to the party not named in the bill, and against whom the bill contained no allegation and prayed no relief. Moseley y. Cocke, 7 Leigh 224; Cronise v. Carper, 80 Va. 678: Ogden v. Davidson, 81 Va. 757; Strother v. Mitchell, 80 Va. 149.
Relief Not Sought.—A decree is erroneous which passes upon questions not properly presented by the plaintiffs, and directs any relief which is not sought or desired, and the proper parties are not all before the court. Donahoe v. Fackler, 8 W. Va. 249.
Single Creditor’s Bill—Account of AH Debts Errone» ons.—In a single creditor's bill against all lienors on a tract of land designated in the bill, but which was not a general creditors’ bill, it is an error to decree an account to be taken of all the debts due by the defendant, and which are valid liens on his land, their amounts and priorities. Such account not being asked by the bill, parties in interest may be taken by surprise. Baugher v. Eichelberger, 11 W. Va. 217.
IV. PRESUMPTION AND EFFECT.
1. PRESUMPTION'.
a. AS TO RBOITAT.S.
Verity of When Attacked for Fraud.—The recitals of a decree which are directly attacked for fraud and surprise in the procurement are not presumed to be absolute verities, but are subject to impeachment. Springston v. Morris (W. Va.), 34 S. E. Rep. 766.
No Exceptions Taken to Commissioner’s Report.—A decree confirming the report of a master commissioner recited that there were no exceptions taken to it, and it was confirmed. This decree must be-presumed to be correct as to its recitals, unless the record shows otherwise. In this case the record contains nothing which conflicts with the decree. There were exceptions found in the record taken by some of the defendants, but they were without date and nothing appears from which it can be inferred that they were filed before the decree was rendered, and it may be that they were taken and filed afterwards. Alderson v. Henderson, 5 W. Va. 182.
Order of Publication—A decree states that the cause was heard on the bill and order of publication returned duly executed. This decree must be regarded as solemnly affirming that there was an order of publication duly taken against the defendant, and that it was duly published and posted as the law directs, and the verity of the record upon this point is not to be called into question by any averment or proof to the contrary. Craig v. Sebrell, 9 Gratt. 131.
Notice of Papers Recited in Cause.—If the caption of a decree names that the defendants in the cause are certain persons whose answers are filed, and the decree states that the cause was heard upon the bill, answers and exhibits, it will be inferred that the court in giving its decree took notice of the answers. Pickett v. Chilton, 5 Munf. 467.
Service of Process.—Where a decree recites on its lace that all the defendants had been dul3' served with ¡process, in the absence of anything in the record to the contrary, the presumption is conclusive that the recital is true. Moore v. Green, 90 Va. 181, 17 S. E. Rep. 872; Wilcher v. Robertson, 78 Va. 602.
A decree which recites that process was duly served on defendant is sufficient in the appellate court on an appeal, according to the principles in Craig v. Sebrell, 9 Gratt. 131; Moore v. Holt, 10 Gratt. 284, and other cases there cited. Arnold v. Arnold, 11 W. Va. 449.
Preliminary Steps to Tria!.—It is not necessary to state in a decree in chancery, that all the preliminary steps towards maturing the cause for hearing were taken ; it being intended, where the cause is set Cor hearing, that it was regularly done, unless the party attempting to impugn the decree show the contrary. Quarrier v. Carter, 4 H. & M. 242.
b. As to Record.
Of Courts of General Jurisdiction.—Nothing is better settled than that decrees of a court of general jurisdiction, acting within the scope of its authority, are presumed to be right, until the contrary appears, and are not open to collateral attack; and this is so, even though the party against whom, or in whose favor the decree was rendered was dead at the time, and such a decree is unassailable in a collateral action, as the record is conclusively presumed to speak the truth, and can only be tried by inspection. Pugh v. McCue, 86 Va. 475. 10 S. E. Rep. 715; Shelton v. Jones, 26 Gratt. 891; Pulaski Co. v. Stuart, etc., Co., 28 Gratt. 879; Lawson v. Moorman, 85 Va. 880, 9 S. E. Rep. 150; Pennybacker v. Switzer, 75 Va. 671; Brengle v. Richardson, 78 Va. 406 ; Marshall v. Cheatham, 88 Va. 31, 13 S. E. Rep. 308; *308 Grigg v. Dalsheimer, 88 Va. 508, 13 S. E. Rep. 993; Hill v. Woodward, 78 Va. 765; Wimbish v. Breeden, 77 Va. 324; Wilcher v. Robertson, 78 Va. 602; Woodhouse v. Fillbates, 77 Va. 317.
A-judgment against a person who has not been 'served with notice is a void judgment, and is ex m termini a nullity. But when a court of gen eral jurisdiction has pronounced judgment, its adjudication should be as conclusive on the question whether a party was duly notified, as on any other point necessary to a proper determination of the case, as judgments of such courts are presumed correct. Ferguson v. Teel, 82 Va. 690.
Effect of Commissioner’s Findings.—In the absence from the record of the evidence upon which a commissioner has reached his conclusions, and the report being confirmed by the lower court, the decree will be presumed to be correct until the contrary is shown. Saunders v. Pruntey (Va.), 26 S. E. Rep. 584.
The findings of a commissioner will be sustained, although the record is unsatisfactory, and the evidence not clear, and the conclusions not accurate in all respects. Browning v. Browning (Va.), 36 S. E. Rep. 525.
Without Reservation—Effect.—A decree on full hearing, dismissing a bill generally, without reservation of right to the plaintiff to sue at law, is conclusive upon all matters involved in the case, even though there was no jurisdiction in equity because of an adequate remedy at law. Unless it otherwise appear from the decree, it will be taken that the dismissal was on a hearing on the merits. Carberry v. Railroad Co., 44 W. Va. 260, 28 S. E. Rep. 694.
Of Foreign State.—The record of adecreeof acourt of another state is regarded as the decree of a court of general jurisdiction, and entitled to every presumption in favor of its validity. Stewart v. Stewart, 27 W. Va. 167.
Where Evidence Is Not Preserved.—An appellate court will not assume that the lower court decreed erroneously, when the evidence upon which it was made has not been preserved, and is not before the appellate court. Paxton v. Rucker, 15 W. Va. 547.
Decree against Absent Debtor—Weight in Collateral Suits.—A decree in personam against an absent debtor is entitled to all the respect to which any other decree is entitled, in all collateral 'controversies. If property is sold under an execution issued thereon, the title to the property cannot be impeached by objections to the form or merits of the decree. Rootes v. Tompkins, 3 Gratt. 98.
Same—Bars Statute of Limitations.—A decree against an absent debtor merges the original cause of action, so far as to enable the plaintiff to rely thereon, in any subsequent proceeding to enforce it, as prima facie evidence of the demand it establishes; and to repel the statute of limitations, except so far as the statute may apply to judgments or decrees. Rootes v. Tompkins, 3 Gratt. 98.
2. EFFECT.
a. In Generad.
Of Reference as Exhibit.—Where a decree makes an exhibit of the record of another cause by referring to it as such, this makes it a part of the record, although it was not referred to in the bill or answer, nor was made an exhibit by an entry on the order book. Craig v. Sebrell, 9 Gratt. 131.
Decree Obtained by Fraud.—Property which is claimed by a son-in-law under a marriage contract with a decedent in his lifetime, and recovered by a decree against the administratrix and distributees, is not in any way responsible to the creditors of such decedent, unless it appear that such decree was obtained by fraud and collusion between the parties. Clay v. Williams, 2 Munf. 105.
Lapse of Ten Years—Impeachment.—After a lapse of nearly ten years, a party to a suit will not be heard, as a general rule, to impeach a decree in a suit to enforce a vendor's lien, by original bill, unless some valid excuse is shown for the long delay. Walker v. Ruffner, 32 W. Va. 297, 9 S. E. Rep. 215.
Estoppel—After Twenty-Two Years.—A party may be estopped by his acquiescence in a decree, affecting his rights made in the progress of the cause, under which decree he takes a part of the fund, affected by it, and makes no objection to it until after final decree in the cause made twenty-two years after it. Burton v. Brown, 22 Gratt. 1.
b. Oe Decree of Competent Court.
Valid until Reversed.—A decree of a court of competent jurisdiction, in a suit between proper parties, is valid and conclusive until reversed on some proper proceedings in the same suit and in the same court, or on appeal, unless there be some sufficient ground of fraud or surprise to entitle the injured party to relief in some other suit. Fox v. Cottage, etc., Ass’n, 81 Va. 677, citing Wilson v. Smith, 22 Gratt. 493 ; Peirce v. Graham, 85 Va. 227, 7 S. E. Rep. 189.
As to Existence of Facts and Parties.—A decree is conclusive, as to the existence or nonexistence of every fact on which it depends, upon the parties to the suit and those claiming through them. Bodkin v. Arnold, 45 W. Va. 90, 30 S. E. Rep. 154.
Jurisdiction.—The validity of a decree of a court of general civii jurisdiction cannot be questioned when it is offered in evidence collaterally in another suit, unless the errors therein affect the jurisdiction of the court. Hall v. Hall, 12 W. Va. 1.
Confirmation of Commissioner’s Report.—A court of equity will not interfere to give relief to a purchaser under a decree of a court having jurisdiction of the subject, or to his sureties, for errors in the decree, or the proceedings under it, where the report of the commissioners has been confirmed. Worsham v. Hardaway, 5 Gratt. 60.
Of Court of Another State.—A decree rendered by a court of competent jurisdiction in another state is valid and binding in West Virginia, and its effect here is the same as in the state where rendered. Stewart v. Stewart, 27 W. Va. 167.
Of Bankrupt Court,—A decree of a bankrupt court having cognizance of the parties and the subject-matter, is an act of a court of competent jurisdiction, and cannot be questioned elsewhere. Adams v. Logan, 27 Gratt. 201; Brengle v. Richardson, 78 Va. 410.
A decree which discharges a bankrupt under the act of congress of August 19, 1841, is conclusive upon all his creditors, in all suits which may be brought against him in any court, except where the discharge is impeached for fraud or willful concealment by the bankrupt of his property or rights of property, contrary to the provisions of that act. Tichenor v. Allen, 13 Gratt. 15.
Decree in Suit against Corporation Binding on Stock» holders.—In a suit against a corporation, upon an officer of which process had been duly served, but to which stockholders were not made parties, a decree was entered making a call for unpaid subscriptions. It cannot be doubted in sach case that the decree against the stockholders is in every respect valid, and should be so held in the courts of *309 every jurisdiction, where it may be called into question. Nor can its validity be assathed because the stockholders were not in their individual capacities before the court as parties to the suit, as a corporation must sue and be sued in its corporate name and in its corporate capacity. Lewis v. Glenn, 84 Va. 947, 6 S. E. Rep. 866.
On Demurrer Dismissing Bill.—A decision on a demurrer dismissing a bill will be conclusive of every matter, whether specifically stated in the bill or not, provided it is clear that such matter was necessarily in controversy in the suit and was decided by it. Poole v. Dilworth, 26 W. Va. 583.
Foreign Attachment.—In a suit in the nature of a foreign attachment, the process was served upon the absent defendant, and there was a personal decree against him for the amount of the debt. When the plaintiff seeks to obtain satisfaction of this decree in another suit, the validity of the decree of the prior suit cannot be questioned. Burbridge v. Higgins, 6 Gratt. 119.
Of Former Term Inter Partes.—The court cannot examine the propriety of a decree made at a former term inter partes, nor set aside such decree of a former term, on the ground that it decided matters coram non judice at the term. Bank v. Graig. 6 Leigh 399.
c. Of Decree of Pending Suit.
Purchasers Pending Suit Bound by Decree.—Pendente lite purchasers of land, during the progress of a suit involving it, are as much bound by decrees entered therein as the parties to the suit. Lynch v. Andrews, 25 W. Va. 751.
“Ordinarily the decree of a court only binds the parties and their privies in representation or estate ; but he, who purchases during the pendency of a suit, is held bound by the decree that may be made against the person, from whom he derives title. Such purchaser need not be made a party. This rule however is modified to a considerable extentin some cases by our statute in relation to recording lis pendens. Zane v. Fink, 18 W. Va. 693.
d. Exterritorially.
For Partition—Sale—Conveyance.—It is a well-settled general rule that the court of one state has no jurisdiction to make a decree which will directly affect either legal or equitable titles to land situated in another state. But if the person to do the act decreed is within the jurisdiction of the court, and the act may be done without exercising any authority operating territorially within the foreign jurisdiction, the court may act in personam, and oblige the party to convey or otherwise to comply with its decree. But it is not competent for the court to decree touching a foreign subject, when the act to be done can be accomplished and perfected only by an authority operating territorially. Thus a conveyance may be decreed of lands abroad if the defendant is within the j urisdiction of the court, but neither a partition of lands nor a sale of lands lying in another state can be made by a court in this state. Poindexter v. Burwell, 82 Va. 507; Wimer v. Wimer, 82 Va. 890, 5 S. E. Rep. 536 ; Pillow v. Southwest, etc., Imp. Co.. 92 Va. 144, 23 S. E. Rep. 32.
A decree of a court of a county, which requires a defendant residing within its limits to execute a conveyance for lands lying in another county,^ can be enforced upon the person only of such defendant, and does not of itself vest any legal title in the plaintiff. If this decree should be offered as evidence of title in such a case in an action of e j ectment, it ought not to be received. Aldridge v. Giles, 3 H. & M. 136.
e. Directing Conveyance.
Decree of Partition Does Not Operate as Conveyance. -It is a well-settled doctrine of the courts of equity that a decree of partition does not of itself operate as a conveyance of title. Such a decree does not purport to invest the parties with title to their several allotments. Hence the court in making partition usually requires that mutual-conveyances shall be executed, and if necessary to carry its decree into effect will appoint a commissioner to execute proper deeds. Bolling v. Teel. 76 Va. 487.
Directing Title —A decree which directs that a title be made to a party in a suit does not of itself vest title in thatparty to whom it is directed to be made. The deed itself must be executed in order to pass the title. Nelson v. Triplett, 81 Va. 236.
Rule against Parties in Possession—Death of Defend» ant after Decree.--Where a final decree has been entered In a suit transferring title to land, and a rule has been issued against parties in possession of the land in controversy, the latter In response to the rule made an affidavit that one of the defeudants in the cause under whom they held, had died since the final decree and before the'rule was issued. The decree being made in the lifetime of the defen riant, it was not necessary to suggest his death and revive the suit in the name of his heirs in order to proceed with the rule. Trimble v. Patton, 5 W. Va. 432.
f. Res Judicata.—See generally, monographic note on “Judgments.*’
General Rule.—[n order that a fact tried by a court of competent jurisdiction be res judicata it must have been directly and not collaterally in issue, and it makes no difference whether it was decided by a court of law or chancery, if it had jurisdiction. This may be pleaded as an estoppel in either kind of court. It is not necessary that the same parties were plaintiffs or defendants in the two suits, provided the same subject in controversy between two or more of the parties, plaintiffs and defendants to the two suits respectively, has been directly in issue in the former suit and decided. Western, etc., Co. v. Va., etc., Co., 10 W. Va. 250. See McCoy v. McCoy, 29 W. Va. 794, 2 S. E. Rep. 809, and numerous cases there cited; also, monographic^^ on “Judgments.”
Bars Subsequent Action on Matters Existing at Time of Decree.—It is a familiar doctrine in our j urisprudence that the decree of a court of competent jurisdiction directly on a point, is as a plea a oar, as long as it remains in force, and conclusive between the same parties upon the same matter directly in question in a subsequent action. This doctrine qf res judicata applies to all matters which exist at the time of rendering the decree, and which the party had the opportunity of bringing before the court. Blackwell v. Bragg, 78 Va. 529; Corprew v. Corprew, 84 Va. 599, 5 S. E. Rep. 798; Fishburne v. Ferguson, 85 Va. 321, 7 S. E. Rep. 361; Foster v. City of Manchester, 89 Va. 92, 15 S. E. Rep. 497; Harrison v. Wallton, 95 Va. 721, 30 S. E. Rep. 372; Seabright v. Seabright, 33 w. Va. 152, 10 S. E. Rep. 265.
No Review by Cross Bill in Another Suit.—A final decree having been made in a cause, the plaintiffs afterwards bring another suit in another court against the same defendants, to have satisfaction of the decree. It is not competent for the defendants to file a cross bill in the second suit depending in one court, to review the decree of another court. Vanmeter v. Vanmeters, 3 Gratt. 148.
*310 Contract of Partnership,—A decree upon a bill setting up a contract of partnership is a bar to a second suit upon this contract, where it was held in a previous suit that this contract was not a valid one, the matters alleged being sufficient to put the fact of such a contract in issue. McComb v. Lobdell, 32 Gratt. 185.
Payment Prior to Decree Ascertaining Liens.—where a decree ascertains and fixes the amounts and priorities of liens upon real estate, and provides for the sale thereof unless such liens are paid by a certain day mentioned in the deed, this decree is appealable, and is res judicata as to all payments made prior to its date, on account of any claim therein decreed to be paid. Lehman v. Hinton, 44 W. Va. 1, 29 S. E. Rep. 984.
Construction of Fraudulent Deed.—A decree by a court of competent jurisdiction dismissing a bill upon the ground that the deed under which the complainant claimed was fraudulent, is a complete bar to another original bill to try the validity of the same deed; the proper remedy, if'such decree be erroneous, being by appeal, writ of error, supersedeas, or a bill of review; not by original bill. Holliday v. Coleman, 2 Munf. 162.
Dismissal of Petition.—A decree which dismisses a petition filed in a chancery suit does not make the matters alleged therein res judicata.
Making Division of Estate a Bar.—It seems that a final decree in a suit by legatees, for the division of a testator’s estate, is a bar to a bill exhibited by the same person, or their legal representatives, suggesting that the executor had kept back part of the property, but not averring that this was new matter since discovered, or that the decree was obtained by fraud. Legrand v. Francisco, 3 Munf. 83; Seamster v. Blackstock, 83 Va. 232, 2 S. E. Rep. 36.
Reservation of Right of Litigation—No Appeal,— When a decree is entered reserving the right to any party to further litigate any matter in controversy in a suit, such reservation may be reviewed on appeal by any party prejudiced thereby; and if no appeal is taken, such reservation becomes res judicata, and cannot be called in question by any party in another suit or proceeding. Bodkin v. Arnold, 45 W. Va. 90, 30 S. E. Rep. 154.
V. KINDS OF DECREES.
1. INTERLOCUTORY.
a. In General.
Affirmation by Appellate Court Final.—An interlocutory decree affirmed on appeal by an appellate court cannot be reheard by the court in which it was pronounced. And an order of the appellate court dismissing an appeal for failure to have the record printed, is in efiect, so far at least as 'a subsequent appeal is concerned, equivalent to an affirmation of the decree. Woodson v. Leyburn, 83 Va. 843, 3 S. E. Rep. 873. See Adkins v. Edwards, 83 Va. 301, 2 S. E. Rep. 435; Trevelyan v. Lofft, 83 Va. 146, 1 S. E. Rep. 901; Newberry v. Stuart, 86 Va. 967, 11 S. E. Rep. 880; Fultz v. Brightwell, 77 Va. 750; Staples v. Staples, 85 Va. 79, 7 S. E. Rep. 199; Rawlings v. Rawlings, 75 Va. 91; Wayland v. Crank, 79 Va. 604.
No Bar.—An interlocutory decree in a suit is no bar to a subsequent suit involving the same questions. Quarles v. Kerr, 14 Gratt. 48.
Bill of Review Improper.—where a decree of sale was not final, but interlocutory, much remaining to |be done to give completely the relief contemplated pr the court, it was an error to treat an injunction bill as a bill of review for the purposes of modifying the decree of sale; a bill of review being the remedy when a final decree is to be corrected. Dellinger v. Foltz, 93 Va. 729, 25 S. E. Rep. 998.
May Be Excepted to at Any Time before Final Decree. —Where an interlocutory decree was entered and the court retained the cause and directed important inquiries essential to the final decree, disposing of the whole cause, it was competent for the appellees to except to the commissioner’s report at any time before a final decree. Miller v. Cook, 77 Va. 806; Templeman v. Steptoe, 1 Munf. 339; Smith v. Blackwell, 31 Gratt. 291.
No Provision for Costs Immaterial.—In an interlocutory decree, it cannot be objected that no provision has been made for the payment of costs, as it will be time enough to do this when the cause is ready for final decree. Yost v. Porter, 80 Va. 855.
Uncertainty in.—A decree ought not to be reversed for uncertainty in matters as to which it is only interlocutory, and may be perfected by application to the court. Birchett v. Bolling, 5 Munf. 442.
Set Aside at Next Term.—When an interlocutory decree is entered at one term of the court of appeals, it may be set aside at a subsequent term. Com. v. Beaumarchais, 3 Call 122.
Alternate and Conflicting Statements in.'—When an interlocutory decree merely confirms generally a report containing alternate and conflicting statements, it must be understood that the court has reserved to itself the power of selecting by its future decree between such statements, and of decreeing accordingly. McCandlish v. Edloe, 3 Gratt. 330.
b. What Constitutes.
Does Not Give Complete Relief.—When the further action of the court in a cause is necessary to give completely the relief contemplated by the court, there the decree upon which the question arises is to be regarded not as final, but interlocutory. Cocke v. Gilpin, 1 Rob. 20; Miller v. Cook, 77 Va. 806; Sims v. Sims, 94 Va. 580, 27 S. E. Rep. 436.
Same—Leave Reserved for Further Decree.—In a suit, the object of which was to make a partition of the lands among the cotenants thereof, a decree was entered which approved and confirmed the report making the partition. It provided in express terms that, “leave is given the parties to whom the several parcels of lands are allotted by that report, and their alienees, to have such decree as the parties may agree upon finally settling their respective interests entered in the causes in vacation. ” It is evident that further action by the court to complete the relief contemplated was provided for, and it does not change the nature of the decree that no application for the further decree was ever made. It was nevertheless a pending cause and open to such orders and decrees as might be necessary. The applications for rehearing are always addressed to the sound discretion of the chancellor, and even if the decree was interlocutory, it can be reheard at any time before final decree, even after the lapse of a great length of time. Wright v. Strother, 76 Va. 857.
Same—Remanding Cause for Commissioner’s Report. —Where a decree in a suit brought to subject real estate to the lien of a judgment has not fully ascertained the liens upon such land, and the cause has been remanded to a commissioner for further inquiry and report, this does not constitute a final decree, as it does not decide the whole matter in controversy and leave nothing for the court to do. If the report of liens had been completed, and had *311 been, confirmed, and a decree for sale had "been entered, it would not have been a final decree, for it would still be necessary for the court to act upon the report of the sale. Repass v. Moore, 96 Va. 147, 30 S. E. Rep. 458.
Leaves Something to Be Done in the Cause—Option. — Livery decree which leaves anything in the cause to be done by the court is interlocutory as. between the parties remaining in the court. Hence when in construing a will, the court gave the devisee the option to hold in fee what he received under the will, or else to come into hotchpot and share in the rest of the estate, the boundaries and value of which had not been ascertained, this clearly constituted an interlocutory decree, and the fact that the principles of the cause were settled so far as the devisee was concerned, did not change its character. He was entitled to a petition to rehear, although more than a year had elapsed since the last decree. Noel v. Noel, 86 Va. 109, 9 S. E. Rep. 584.
Same - Account Directed.—In a suit involving the right of access to a well, a decree was entered which directed that the plaintiff should have uninterrupted access to the water of the well, unless and until otherwise ordered by the court; that the injunction before awarded, which was only until the rights of the complainants could be considered and adjudicated, should be continued; that an account should be taken by a commissioner to ascertain the amount of expenses incurred by the father of the defendant, from whom the defendant claimed, and by the latter in keeping the well in repair, and the amount paid by the plain tills; and that the account when taken should be reported. The rights of the parties were not finally adjudicated; the injunction was not perpetuated; the decree directed an account to be taken and reported; but it did not determine the question of costs nor direct their payment. The decree was merely interlocutory. Warren v. Syme, 7 W. Va. 474.
Same—Sale Decreed with Power Reserved to Confirm or Set Aside.--in a suit to subject land in the hands of the heirs to the payment of the debts of their ancestor, in the decree for sale the court reserved complete power over the sale, to confirm it or set it aside as the interest of the parties might require. No title could be made to the purchaser, without further action of the court, and what is most material to notice, no disposition is made of the purchase money; no directions given to the commissioner on the subject, so that the creditors could not receive a dollar of the proceeds, nor the heirs the surplus, without a further decree, if this be a final decree, the court has deprived itself of all control over the subject-matter in controversy, and ended the cause, without giving the parties the slightest relief. The very fact that no direction is given as to the proceeds of sale, and that the commissioners are required to report their proceedings to the court, is conclusive that further action of the court was not only contemplated, but actually necessary. According to the uniform decisions of this court, a decree, which disix>ses of the whole subject, gives all the relief that is contemplated and leaves nothing to be done by the court, is only to be regarded as final. On the other hand every decree which leaves anything in the cause to be done by the court, is interlocutory as between the parties remaining in the court. Ryan v. McLeod, 32 Gratt. 367.
Same—Conveyance Set Aside and Report Ordered.— In an action to set aside certain conveyances and to subject the lands conveyed therein to the satisfaction of a judgment, a decree that sets aside the conveyances and refers the cause to a commissioner for inquiry and report, with a view to further action in the cause, is an interlocutory and not a final decree, as it is a step preliminary to subjecting the land to the judgment. Welsh v. Solenberger, 85 Va. 441, 8 S. E. Rep. 91.
Further Action of Court Necessary.—A decree though deciding the right to the property in controversy, and awarding the costs of the suit, is still only interlocutory, if commissioners be appointed to carry it into effect, and the court has yet to act upon their report. Neither does it cease to be interlocutory in consequence of an order that the defendant be attached for failing to comply with it. Mackey v. Bell, 2 Munf. 523.
Decree for Sale and Report.—A decree empowering an executor to sell the lands of his testator, for payment of debts, and report his proceedings, in execution thereof, to the court, is not final but interlocutory. Goodwin v. Miller, 2 Munf. 42.
A decree which directs a sale of the defendant's land to satisfy the charges upon it is not a final decree. Spoor v. Tilson. 97 Va. 279, 33 S. E. Rep. 609. See also. Repass v. Moore, 96 Va. 147, 30 S. E. Rep. 458, and cases there cited.
A decree, which forecloses the equity of redemption in mortgaged property, and appoints commissioners to make the sale of it. is only interlocutory, and an appeal cannot be allowed by the county court from such decree even in term time. Allen v. Belches, 2 H. & M. 595.
A decree, foreclosing a mortgage and directing a sale of the mortgaged premises, is an interlocutory decree. Fairfax v. Muse, 2 H. & M. 557.
Directing an Account.—A decree, dismissing so much of a bill as claims one o C two separate subj ects in controversy, and as to the other, determining also the rights of the parties, but directing an account to be taken, is not final in any respect, between the parties retained in court, and their legal representatives; but is subject to revision in every part, at any time before a final decree, without the necessity of a bill of review. Templeman v. Steptoe, 1 Munf. 339.
For Conveyance with Condition.—In a suit by one partner against his copartner, for a settlement of the partnership accounts, and for a moiety of a tract of land purchased by the defendant in his own name, and paid for out of the partnership funds, a decree having been made declaring the land partnership property, and directing a settlement of the accounts, and the cause afterwards coming on to be further heard upon the report of the commissioner, the court decrees that the plaintiff pay to the defendant a sum of money appearing due by the report, and that the defendant thereupon convey to the plaintiff a moiety of the land; but if the plaintiff shall not. within six months from the date of the decree, pay the said money, that the marshal sell the moiety of the land, and out of the proceeds of sale, after defraying the expenses, pay to the defendant the money so decreed, and the residue, if any, to the plaintiff. And the court further decrees that the outstanding debts due to the firm be equally divided between the parties, and that the costs of the suit be equally borne by them. Held, this decree is interlocutory, and it may be reviewed upon an appeal, although there has been such japse of time between the rendition of the decree and the appeal, as would preclude its being reviewed if the decree were final. Cocke v. *312 Gilpin, 1 Rob. 20; approved by Miller v. Cook, 77 Va. 806.
For Sale Unless Sum Due Is Paid—Leave Given to Apply to Court.—in. a suit brought to subject land to the payment of notes given for its purchase price, the court ascertained the indebtedness of the defendants to the plaintiffs to be a certain sum and a certain other sum to become due at a future time. The court decreed that unless the sum then due be paid in 30 days, certain commissioners should sell the land, which was subject to the vendor’s lien of the two named sums, to pay the one then due. In this decree leave was given the plaintiff to apply for a decree to enforce the payment of the sum not yet due, under an attachment of other property of the defendant, the sale of which had not been prayed for in the bill. This was an interlocutory decree, and it may be reviewed on appeal after five years from its date. Camden v. Haymond, 9 W. Va. 680.
c. Evidence acter.
General Rule—Rest in Discretion of Court.—There is no rule of practice or of law which precludes the party from taking new evidence upon a question of fact passed upon by an interlocutory decree, even before a rehearing is obtained. The introduction of such evidence depends on the sound discretion of the court, and all the circumstances of each particular case. Summers v. Darne, 31 Gratt. 791, citing Dunbar v. Woodcock, 10 Leigh 628; Moore v. Hilton, 12 Leigh 1.
After an interlocutory decree upon a hearing has been rendered, deciding matters in issue between the litigant parties, neither of them has the absolute right of introducing new evidence in respect to the matter so decided, but the right to introduce and use such evidence, as ground for changing or setting aside such decree, depends on the sound judicial discretion of the court to which it is offered. Moore v. Hilton, 12 Leigh 1.
On Exceptions to Commissioner’s Report.—An interlocutory decree in chancery, deciding a question of fact in litigation, pronounced in the progress of an account upon exceptions to a report, or instructions to a commissioner, as to the propriety of items of debitor credit, is not sucha final decree as precludes a party from taking new evidence touching the same question of fact, without having obtained a review or rehearing of the decree, and without showing that the new evidence had been discovered since the decree. Dunbar v. Woodcock, 10 Leigh 629.
Under Va. Code of 1873—Foundation for Motion or Petition to Rehear.—Under Va. Code of 1873, ch. 172, § 36, where there has been an interlocutory decree in a chancery cause, a deposition taken thereafter cannot be read as to any matter thereby adjudicated, unless it be as a foundation for a motion or petition to rehear the canse. A deposition taken and returned before a final hearing, as to any matter not adjudicated, whether there be an interlocutory decree or not, may be read. Richardson v. Dnble, 33 Gratt. 730.
When Error to Refuse to Open Decree—After=Discov= ered Evidence.—It was held in Roberts v. Cocke, 1 Rand. 121, to be an error for the chancellorto refuse an application to open an interlocutory decree, founded upon affidavits of a discovery of important matter since such decree was rendered.
d. Rehearings oe.
Discretionary with Court—On Bill Confessed.—It is well settled upon authority that where an interlocutory decree has been entered in a case on a bill taken for confessed, before a hearing on the merits, and there are other circumstances tending to excuse the default, the defendant may be allowed a rehearing of the- decree in-the discretion of the court, if he shows a meritorious defence. Spilman v. Gilpin, 93 Va. 698, 25 S. E. Rep. 1004.
Same—Confirming Commissioner’s Report.—Whether an interlocutory decree confirming a commissioner’s report shall be modified or wholly set aside, or not, is generally a matter resting in the sound judicial discretion of the chancellor, exercised according to the particular circumstances of each case. Newberry v. Stuart, 86 Va. 965, 11 S. E. Rep. 880, citing Kendrick v. Whitney, 28 Gratt. 646; Fultz v. Brightwell, 77 Va. 742.
By Petition.—An interlocutory decree may be reheard upon petition. Purdie v. Jones, 32 Gratt. 827; Fultz v. Brightwell, 77 Va. 742.
An interlocutory decree may be altered or reversed upon rehearing, without the assistance of a supplemental bill in the nature of a bill of review, if there is sufficient matter to reverse it appearing upon the former proceedings. When there is no defect to be supplied, the new investigation is usually brought on by petition for arehearing. Hyman v. Smith, 10 W. Va. 298.
The appropriate method of applying for a rehearing of an interlocutory decree, rendered on the merits, to enable a party to introduce . additional evidence, is by petition, which must not only allege that the matter sought to be introduced was discovered after the rendition of the decree, but it must appear by affidavit that this new evidence could not have been produced by reasonable diligence at the date of the decree. Trevelyan v. Lofft, 83 Va. 141, 1 S. E. Rep. 901.
Or Motion.—A bill of review ought not to be granted to an interlocutory decree, but if such decree be erroneous, it may be corrected by motion, or petition to the court. Banks v. Anderson, 2 H. & M. 20.
No Statutory Bar to Filing Petition.—There is no statutory bar to the time within which an error in an interlocutory decree may be corrected by filing a petition to rehear. Kendrick v. Whitney, 28 Gratt. 646; Todd v. McFall, 96 Va. 754, 32 S. E. Rep. 472: Wayland v. Crank, 79 Va. 602; Staples v. Staples, 85 Va. 76, 7 S. E. Rep. 199.
For Fraud, Surprise or Mistake—Original Bill.—Interlocutory decrees, not entered by consent, but procured by fraud, surprise or mistake of the parties, cannot be set aside by petition to rehear a bill in the nature of a bill of review, but only by an original bill. Anderson v. Woodford, 8 Leigh 316; Manion v. Fahy, 11 W. Va. 482.
e. Appeals erom.
Former Law—Statutory Change.—It was formerly the law of Virginia that no appeal lies from an interlocutory decree of the chancery court. Grymes v. Pendleton, 1 Call 54; Gibson v. Randolph, 2 Munf. 310.
For appeals from interlocutory decrees in certain cases, by statutory provision, see Code of Va., § 3454; Code of W. Va., ch. 135, § 1.
Time of Appeal from Interlocutory Decree.—When interlocutory decrees settle the principles of a cause parties thereby aggrieved might appeal therefrom, but they are not obliged to do so, but may wait until after a final decree. There is no limitation upon the time wherein an appeal will lie from such an interlocutory decree; such running only against a final decree. Jameson v. Jameson, 86 Va. 51, 9 S. E. *313 Rep. 480; Harper v. Vaughan, 87 Va. 426, 12 S. E. Rep. 785.
Statutory Provisions.—By virtue of § 3454 of the Va. Code, the right is given to a party to appeal from certain interlocutory decrees if he desires to do so, still he is not bound to appeal from such decrees at the time they are rendered,'but he may do so at any time within a year after a final decree has been rendered in the cause, provided all the other requisites for an appeal exist. Southern Ry. Co. v. Glenn, 98 Va. 309, 36 S. E. Rep. 395, citing Jameson v. Jameson, 86 Va. 51, 9 S. E. Rep. 480; Harper v. Vaughan, 87 Va. 426, 12 S. E. Rep. 785.
Only in a chancery case is a party authorized to appeal from a decree or order which is not final, and then only from such decree or order as is provided in § 3454 of the Va. Code of 1887. Unless the decree or order, not being final, falls within this description, the court of appeals has no jurisdiction of appeal, because it has no jurisdiction to review any interlocutory decree in chancery, except what is given by statute. Elder v. Harris, 75 Va. 68. See ch. 139, § 1, of Code of West Virginia.
Kind of Interlocutory Decree That Is Appealable.—An interlocutory decree that is appealable as one adjudicating the principles of a cause is one which adjudicates, not some, but all the questions raised in the pleadings or otherwise, and so far adjudicates that it determines the principles and rules by which relief is to be administered to the parties, so that it is only necessary to apply such principles and rules to the facts in order to decree the relative rights of the parties in the subject-matter of the suit. Wood v. Harmison, 41 W. Va. 376, 23 S. E. Rep. 560.
Sustaining Exceptions.—An appeal does not lie from an interlocutory decree sustaining exceptions to an answer for insufficiency, and requiring a defendant to answer over. Pleasants v. Lorton, 2 P. & H. 8.
By Judge in Vacation.—A judge in vacation cannot grant an appeal from an interlocutory decree. Dawney v. Wright, 2 H. & M. 12 ; Fairfax v. Muse, 2 H. & M. 557.
Reinstating Injunction and Directing New Trial.—A decree of a superior court of chancery, which reinstates an injunction and directs a new trial of an issue at law, is not an interlocutory decree from which an appeal can be allowed. Price v. Strange, 2 H. & M. 615.
May Be Granted at Subsequent Term.—The power of chancery courts to grant appeals from interlocutory decrees in certain cases is not limited to the term of the court at which such decrees were rendered, but this authority may be exercised at any subsequent term. Wright v. Dawney, 3 H. & M. 259.
Court of Admiralty.—No appeal lies upon an interlocutory decree from a court of admiralty. Dawson v. Graves, 4 Call 127.
2. FINAL.
a. In General.
Suggestions for Delay.—when the defendant in a cause, against whom final decree is about to be entered, suggests that the plaintiff is dead, which in the opinion of the court was done merely for the purpose of delay, the court may disregard such suggestion and render the final decree then ready to be entered. Gillespie v. Bailey, 12 W. Va. 70, 29 Am. Rep. 445.
Suspending Order to Final Decree.—At the conclusion of a decree, which was final in form and substance, a suspending order was attached, directing that the decree be suspended until a cause pending iu the same court between the plaintiff and defendant of this suit and another party shall be decided. The obj ect of this order was not to reserve any question in the first case for future decision, but to prevent the enforcement of the decree until the second suit was decided. This does not convert the decree into an interlocutory one, but it still remains final. Fleming v. Bolling, 8 Gratt. 292.
Cannot Be Part Fiíja! and Part Interlocutory as to Same Party.—A decree cannot be in part final, and in part interlocutory in the same cause, for or against the same parties who remain in court. Ryan v. McLeod, 32 Gratt. 367.
Final as to One and Not as to Another.—A suit was brought to construe a will and to divide the land among the parties entitled thereto. To this suit the father and the two surviving children were made parties defendant, and a decree was entered therein, adjudging that the land be divided between the two children and that the father had no interest in it. It was subsequently contended in a suit brought by a creditor to set aside a deed, made after the decree, on the ground of fraud, and subject the land to the payment of the father’s debts, that the doctrine of res judicata had no application, because the decree of partition was not a final one. But as to the father the decree was final, though it was not as to the other parties. It settled the question that he had no interest in the land and that was the only question in which he was concerned. It has been repeatedly decided by the courts of Virginia that a decree may be final as to one party and not as to another. Gardner v. Stratton, 89 Va. 900, 17 S. E. Rep. 553. See Royall v. Johnson, 1 Rand. 421; Noel v. Noel, 86 Va. 109, 9 S. E. Rep. 584.
b. What Constitutes.
General Rule.—A decree, which settles all the principles of a canse, directs a disbursement of the fund in the hands of the administrator, directs the payment of costs, and leaves nothing else to be done in the cause, and upon its face declares that “this decree is final,” is a final decree. There was nothing left to be adjudicated, and the finality of such a decree comes within the very definition of the authorities, as laid down by the Virginia court of appeals in repeated decisions. Thomson v. Brooke, 76 Va. 160; Parker v. Logan, 82 Va. 376, 4 S. E. Rep. 613; Tennent v. Pattons, 6 Leigh 196; Cocke v. Gilpin, 1 Rob. 20; Harvey v. Branson, 1 Leigh 108; Ruff v. Starke, 3 Gratt. 134; Vanmeter v. Vanmeters, 3 Gratt. 148; Fleming v. Bolling, 8 Gratt. 292; Ambrouse v. Keller, 22 Gratt. 769; Rogers v. Strother, 27 Gratt. 417; Rawlings v. Rawlings, 75 Va. 76; Norfolk Trust Co. v. Foster, 78 Va. 413; Sims v. Sims, 94 Va. 580, 27 S. E. Rep. 436.
Executions—Leave Given for Future Aid of Court.— It is a general rule that a decree entered upon hearing, which settles all the matters in controversy between the parties, is final though much remains to be done before it can be completely carried into execution, and even though to effectuate such execution the cause is retained and leave is given to the parties to apply for the future aid of the court. Thorntons v. Fitzhugh, 4 Leigh 209; Davenport v. Mason, 2 Wash. 200; Harvey v. Branson, 1 Leigh 108; Vanmeter v. Vanmeters, 3 Gratt. 148; Ruff v. Starke, 3 Gratt. 134; Tennent v. Patton, 6 Leigh 196; Fleming v. Bolling, 8 Gratt. 292; Rogers v. Strother, 27 Gratt. 417; Core v. Strickler, 24 W. Va. 689; Rawlings v. Rawlings, 75 Va. 76.
Order of Dismissal.—A decree which dismisses a *314 suit was in these words: “The plaintiff failing to prosecute his suit, it is ordered that the same be dismissed.” This decree is final, and after the end of the term at which it was rendered, it can only be set aside on appeal, or by bill of review. These remedies, however, must be pursued within the time limited by statute. Jones v. Turner, 81 Va. 709.
Same—Payment of Costs.—A decree, dismissing a bill as to a defendant, is as to áuch defendant a final decree. Dick v. Robinson, 19 W. Va. 159. A decree which dismisses a suit and directs the payment of costs, is a final decree, and the fact that two suits were heard together, the parties to which were not, and could not have been originally bound in one controversy, will not affect the finality of the decree. Home Bldg., etc., Co. v. London, 98 Va. 152, 35 S. E. Rep. 362.
Omission of Unimportant Claim.—A decree which settles all matters of dispute in a cause, but which omits to decree upon a claim set up in the bill, which after circumstances render unimportant and which the plaintiff did not insist upon, is a final decree. Ruff v. Starke, 3 Gratt. 134.
Payment of Money.—A decree which provides for the distribution and payment of money is a final decree, and is subject to the statute of limitations relating to appeals, bills of review, and motions to correct nonappealable errors. Kearfott v. Dandridge, 45 W. Va. 673, 31 S. E. Rep. 947.
Reservation in Decree of Ended Cause.—A final decree was entered in a cause, whose object was for the sale of land for the payment of a legacy ; it was stricken from the docket, and remained for more than twenty-eight years among the ended causes of the court. The said final decree provided that “any of the parties io this suit have leave reserved to them at the foot of this decree to ask any such further order as may be necessary to enforce the same.” This was held insufficient to authorize the revival of the suit. Riely v. Kinzel, 85 Va. 480, 7 S. E. Rep. 907.
Directing Conveyance by One Defendant.—In a suit in chancery against several defendants, a decree was entered that the complainant recover from one of them the residue of the land claimed and owned by that defendant under the will of his father, after taking therefrom the portions sold by him to the other defendants, also that he give possession and execute a conveyance of the same in fee, “without which conveyance, however, the title is to be in the said complainant by force of this decree.” This will not be a final decree until the suit is disposed of as to all the defendants. Chapman v. Armistead, 4 Munf. 383.
Allowing Amendment in Specified Time.—An order sustaining a demurrer to a bill, and giving the plaintiff leave to amend in a specified time, cannot be regarded as a final' order, and as settling the principles of the cause, until after the time limited therein for the plaintiff to amend his bill has expired. London-Va. Min. Co. v. Moore, 98 Va. 256, 35 S. E. Rep. 722, citing Commercial Bank of Lynchburg v. Rucker (Va.), 24 S. E. Rep. 388.
Unauthorized Removal from Docket by Clerk.— Where a cause was removed from the docket, not by the order of the court, but by the clerk, and the decree was marked by him “final decree,” because in his opifiion there was nothing more to be done in it, this did not make it a final decree. The words marked on it do not determine its character and effect, the contents alone do this—and as there was nothing in the decree to show that the court intended to put an end to the cause, it was competent for the court to order it to be reinstated, and to take cognizance of the matters set forth in the petition filed in the suit. Ward v. Funsten, 86 Va. 359, 10 S. E. Rep. 415.
Confirmation of Accounts.—A bill was filed by the legatees and devisees of an intestate asking for a settlement of accounts of his administrator. A full and complete settlement was duly made and filed without exception, being subsequently confirmed by the court. This decree of confirmation was final as to the administrator, and will not be reviewed on petition after three years. Bradley v. Bradley, 83 Va. 75, 1 S. E. Rep. 477.
Arbitrators.—When the parties to a suit in equity agree to refer the matter in controversy to arbitrators, whose award is to be entered as the decree of the court, and the award is m ade and entered; this is a final decree, which can only be reversed or altered by bill of review. Davis v. Crews, 1 Gratt. 407.
Confirmation of Sale and Disbursement and Conveyance Ordered.—A suit was brought to recover $758, evidenced by negotiable notes, given for the purchase price of a tract of land, which was attached. The case was matured and after being heard a decree was rendered for $718. This was declared a lien on the land, and it was decreed to be sold. The sale was confirmed, the money ordered to be collected and disbursed, and the commissioner was ordered to execute a deed to the purchaser, and the sheriff was ordered to deliver possession. This was a final decree, the whole matter being disposed of and nothing remaining for the court to do. McKinney v. Kirk, 9 W. Va. 26.
Disposal of Whole Subject—Sale.—A decree in chancery, disposing of the whole subject, deciding all questions in controversy, ascertaining the rights of all parties, and awarding the costs, though it appoint a commissioner to sell part of the subject and account for and pay the proceeds to the parties, with liberty to them to apply to the court to add or substitute new commissioners, or for a partition of the subject directed to be sold in kind, is a final decree. Harvey v. Branson, 1 Leigh 108.
Cause “Stricken from the Docket.”—Where land was sold by a commissioner as ordered, and the proceeds of the sale distributed and a final report was made, which showed a completion of his collections and a balance in his hands for final distribution, the cause was heard upon the papers formerly read and the report of the commissioner without exceptions. The court confirmed the report and decreed in conformity with it, and that “the cause should be stricken from the docket.” This means that in the opinion of the court the cause is ended—that no further action of the court in the cause is necessary. That is the established definition of a final decree. It is, and in the nature of things must be an adjudication that everything has been done in the cause that the court intends to do, and there is no longer any necessity of retaining it on the docket. The unconditional order striking from the docket, appended to such a decree, absolutely and unequivocally imports judicial determination and a final disposition of the pending cause. The decree may be erroneous, but the error does not render it less final. The court by its order has put the cause beyond its control, and it cannot upon discovery of the error recall itin a summary way and resume a jurisdiction which has been exhausted. Battaile v. Maryland Hospital, 76 Va. 63.
Amendment and Continuation for Report.—A bill was filed against an administrator for the settle *315 ment of his account. A decree was rendered against him and his sureties in favor of a receiver, who was to execute a bond before he received any money thereunder. Subsequently this decree was amended, as to the amount and costs, and execution was directed to issue thereon, and the cause was continued for a report from the receiver. This was a final decree as nothing remained to be done in the cause. Serles v. Cromer, 88 Va. 426, 13 S. E. Rep. 859.
Limitation of Appeal—Order of Application of Property to Debts,—A legatee brought suit against the purchaser of real estate from an executor, and the sons of the deceased surety of the executor on his bond, holding the estate of the surety. The testator bequeathed an annuity to the legatee and the residue of his estate, which was ample to satisfy all legacies, after the payment of debts, to his son, who was the executor. The latter sold the real property wasted the x>ersonal, and died insolvent. It was decreed in this case that the sons of the surety should each pay one-half of the annuities in arrear, and the costs of the suit, reserving liberty to the plaintiff, if toe decree should prove unavailing against either, to resort to the court for a further decree against the other, and ordering the cause to be retained for the purpose of taking further accounts as to the annuities to accrue in the future. Notwithstanding the reservation this was a final decree, from which no appeal can be taken after the lapse of three years, and although the legacy was charged both on the real and personal property, yet the latter was primarily applicable to the legacy, and the decree was correct in subjecting the surety of the executor, before the purchaser of the real estate. Thorntons v. Fitzhugh, 4 Leigh 209.
Inquiries Directed “2n the Cause.”—Where by a decree certain inquiries "in the cause” were directed to be made by a commissioner of the court, it was consequently not a final decree. Barker v. Jenkins, 84 Va. 895. 6 S. E. Rep. 459.
Where Rights of Others Not Affected—Where the rights or responsibilities of several parties to a suit are perfectly distinct and several, and where a final disposition of the cause as to one, with a direction as to the payment of costs as between him and the adverse party, does not in any degree affect the rights or interests of any other party, and where nothing which can be brought into the cause by any other party or which can be done by the court as to the other party, can by possibility affect the rights or interests of the party as to whom such decree has been made, such decree has never been considered as interlocutory, but is final. Royall v. Johnson, 1 Rand. 421.
c. Subsequent Proceedings.
After Final Decree Subsequent Ones Erroneous and Void —Where a final decree was entered in a suit, the cause was ended and the court could proceed no further. It had no further jurisdiction of the subject-matter or of the parties in that proceeding, and any subsequent decree was a nullity, where it was rendered in the absence of the defendant upon the mere motion of the plaintiff by attorney, and without notice to any one. Johnson v. Anderson, 76 Va. 766. See Camden v. Haymond, 9 W. Va. 680.
After a final decree has been entered in a cause, upon proceedings regularly had, and to which no exceptions have been taken, it is error to allow an answer to be filed, and after reversing the former decree, to hear the case de novo. Crim v. Davisson, 6 W. Va. 465.
After a final decree, which settles the rights of all the parties, and disposes of the whole case made by the pleadings, any subsequent decree in the same cause is not made in a pending cause, although it be retained on the docket, the final decree is not thereby made interlocutory, the subsequent decree is erroneous and void, and will be reversed. Nelson v. Jennings, 2 P. & H. 369 ; Battaile v. Maryland Hospital, 76 Va. 63 ; Johnson v. Anderson, 76 Va. 766; Smith v. Powell, 98 Va. 431, 36 S. E. Rep. 522 ; Ruhl v. Ruhl, 24 W. Va. 279.
Where a bill has been dismissed with costs upon the hearing by a decree, this must of necessity be final, and if rendered in vacation, under the statute, it takes effect from the time it is entered of record by the clerk. The judge pronouncing it cannot, by subsequent action impart to it a different character. Pace v. Ficklin, 76 Va. 292.
d. Bow Reversed.
By Bill of Review.—Where a decree is final, a bill of review is the proper remedy to correct it, and where the decree is interlocutory, a bill in the nature of a bill of review and petition for a rehearing is proper. Hyman v. Smith, 10 W. Va. 298.
Or Appeal.—A final decree may be set aside by bill of review or by appeal. Battaile v. Maryland Hospital, 76 Va. 63.
Fraud—Original Bill.—Where a final decree has been procured by fraud, it should be annulled or modified, not by a bill of review proper, but by an original bill, or by an original bill in the nature of a bill of review. Anderson v. Woodford, 8 Leigh 316 ; Manion v. Fahy, 11 W. Va. 482.
No Reversal without Benefit to Appellant.—Because certain interlocutory decrees were not reheard and amended before a final decree was entered, which was inconsistent with them, the final decree will not be reversed for this technical reason where the appellant would not be ultimately benefited by such reversal. Booton v. Booton (Va.), 29 S. E. Rep. 823.
3. FOR ACCOUNT.—See monographic note on "Commissioners in Chancery” appended to Whitehead v. Whitehead, 23 Gratt. 376.
a. In Generad.
Who May Take—Judicial Act.—An attorney in the case, a party to the suit or a creditor is not a competent person to take an account ordered by a decree, as the commissioner acts in a judicial capacity. Dillard v. Krise, 86 Va. 414, 10 S. E. Rep. 430; Etter v. Scott, 90 Va. 762, 19 S. E. Rep. 776; Bowers v. Bowers, 29 Gratt. 697; Davis v. Beazley, 75 Va. 491; Smith v. Mayo, 83 Va. 910, 5 S. E. Rep. 276; Shipman v. Fletcher, 91 Va. 481, 22 S. E. Rep. 458; Fayette Land Co. v. Louisville, etc., R. Co., 93 Va. 274, 24 S. E. Rep. 1016; Findley v. Smith, 42 W. Va. 299, 26 S. E. Rep. 370.
No Account without Issue.—in a chancery cause, where a replication has been entered, and after-wards withdrawn, it is an error for the court to order an account before a new issue is made up. Clarke v. Tinsley, 4 Rand. 250.
Decree against Plaintiff.—On a settlement of accounts in a court of equity, a decree will be rendered against the plaintiff for a balance of account appearing to be due to the defendant. Fitzgerald v. Jones, 1 Munf. 150; Hill v. Southerland, 1 Wash. 128.
Decree for General Account.—After a decree for a general account in a creditors’ suit, all the other creditors may come in and prove their debts before the commissioner to whom the cause is referred. Simmons v. Lyles, 27 Gratt. 922; Piedmont, etc., Ins. Co. v. Maury, 75 Va. 508; Beverly v. Rhodes, 86 Va. *316 415, 10 S. E. Rep. 572; 1 Barton’s Ch. Pr. (2d Ed.) 286 et seq. It is the duty of the creditor or some one authorized by him to lay his claim before the commissioner in order that it may be reported. The usual practice in such cases is to require the creditor to accompany the claim with an affidavit that the debt is due. Conrad v. Fuller, 98 Va. 16, 34 S. E. Rep. 893.
b. When Improper.
As to Improvements When None Are Claimed.—In a suit for partition, and also for the rents and profits of land, the defendant does not claim in his answer that he has made any improvements on the land, nor is there any evidence to that effect. It was not an error for the court to refuse to direct a decree for an account of the improvements. Ogle v. Adams, 12 W. Va. 213.
Where Executor Admits Assets Sufficient to Pay Demands.—Where in a suit against an executor it appears that he was properly chargeable with, and admitted in his answer assets more than sufficient to pay all the legatees, it is not necessary, to order an account before rendering a decree against the executor. McRae v. Brooks, 6 Munf. 157. It would have been error to decree against the executor in the absence of an account, or an admission showing sufficient assets to satisfy the decree. Wills v. Dunn, 5 Gratt. 384. In this case there was an admission. Sharpe v. Rockwood, 78 Va. 24.
Bill Not Sustained by Proof.—In a creditors’ suit where the answer is responsive to the bill, and denies all of its material allegations, and there is no proof to sustain the bill, the suit ought to be dismissed, since a court of equity will never decree an account for the purpose of furnishing evidence to support the bill. But the rule is not applicable to a case where the answer is not sufficiently responsive to the bill, as where it sets up new and affirmative matter, which it is incumbent on the defendant to sustain by proof. Porter v. Young, 85 Va. 49, 6 S. E. Rep. 803.
c. Eottect.
Suspends Statute of Limitations.—A decree for an account of liens entered in a suit stops the running of the statute of limitations against the demands only of such creditors as come in under the decree, or otherwise become parties to the suit; as to all others the statute continues to run. Callaway v. Webster (1901), 7 Va. Law Reg. 40, and cases cited. But see Repass y. Moore, 96 Va. 147, 30 S. E. Rep. 458.
In Creditors’ Bill—Suspends Other Pending Suits.—It is well settled that in a creditors’ suit an order of reference operates to suspend all other suits of creditors, who must come in under the decree, and this order may be made in the first case ready for hearing, although it is not the first suit brought. Paxton v. Rich, 85 Va. 378, 7 S. E. Rep. 531; Stephenson v. Taverners, 9 Gratt. 398; Kent v. Cloyd, 30 Gratt. 555; Woodyard v. Polsley, 14 W. Va. 211; Laidley v. Kline, 23 W. Va. 565.
Lien Begins from Entry.—Where a suit is brought by one judgment creditor for the purpose of enforcing his lien upon the real estate of the defendant, such becomes a lien creditor’s bill from the date of the entry of the decree, referring the cause to a commissioner for au account of the real estate of the defendant, the liens thereon and the order of priority. Repass v. Moore, 96 Va. 147,30 S. E. Rep. 458.
4. BY CONSENT.
a. What Constitutes.
Complainants “Assented” to Decree Asked by Defendants.—In a suit where the question was whether | land should be sold or rented to pay the debts chargeable on it, in the decree for rental it was “asked to be done” by the defendants, and the complainants “assented thereto,” this is a consent decree to that question. Rose v. Brown, 17 W. Va. 649.
Appearing before Commissioner of Accounts.—When the parties to a suit in response to a decree of the court, appear before a commissioner and make a statement of their accounts, this does not amount to an acquiescence in the settlement, and does not justify the entering of a decree, based on such settlement, if it would not be authorized to do so, unless by consent of parties. Hall v. Taylor, 18 W. Va. 544.
Endorsement “Submitted to Us.”—A decree was endorsed by the counsel in a cause, “submitted to us." All that this means is that it has been shown to counsel. It does not follow that they have not opposed or do not oppose It in every way they can, and it was not regarded at all as a consent decree. Gibson v. Burgess, 82 Va. 650.
b. Validity and Eeeect.
infants Cannot Consent.—It is an error to give a joint decree in favor of all the plaintiffs, some of whom are infants, for the aggregate of all their debts against the defendants, notwithstanding it is stated to have been by consent of complainants, because infants are incapable of giving consent for want of discretion, and such consent decree is invalid; nor can their next friend give consent for them. Armstrong v. Walkup, 9 Gratt. 372; Daingerfield v. Smith, 83 Va. 81,1 S. E. Rep. 599.
By Counsel Adverse to infants.—It is an error to allow counsel who represent interests adverse to infant parties to consent to a decree for them, and in such case a decree will be held invalid. Walker v. Grayson, 86 Va. 338, 10 S. E. Rep. 51.
Decree for Sum in Lieu of Dower.—It was held in Blair v. Thompson, 11 Gratt. 441, that there cannot be a decree for a specific sum in lieu of dower without the consent of all the parties interested.
Dismissing Bill with Costs.—A consent decree which dismisses a bill with costs, with no saving therein as to the right to bring another suit, is an adjudication of the merits of the cause. Lockwood v. Holliday, 16 W. Va. 651.
Consolidation—Decree for Sale—irregularities Not Cured.—Where two cases were amalgamated by consent, and a decree for sale entered in the first case is made a decree for both cases by like consent, any error in decreeing a sale will not be cured thereby, as that consent merely cured any irregularities in the formalities of bringing the cases, consolidating the same and in making the decree. Buchanan y. Clark, 10 Gratt. 164.
Insufficiencies Cured.—The insufficiencies in a bill may be cured by consent decrees. Scott v. Dameron (Va.), 32 S. E. Rep. 415.
c. How Set Aside.
By New Suit.—A decree which has been entered in a cause by consent of parties is binding, and can only be set aside by a new suit, alleging improper procurement by surprise, fraud, or mistake of parties, and in a suit where a consent decree by some of the parties has been entered as by consent of all, leave should be given to any of the parties who did not consent thereto to bring a suit in a reasonable time to nullify it. Estill v. McCliutic, 11 W. Va. 399.
After Term Only by Consent in Same Cause—By Original Bill.—After the close of a term at which a *317 consent decree is entered, it can never Toe set aside "by any proceedings in the canse except by consent, though it had been entered by mistake or by the fraud of one of the parties; an original bill is necessary and proper to annul such consent decree .whether it be interlocutory or final. Armstrong v. Wilson, 19 W. Va. 108 ; Rose v. Brown, 17 W. Va. 6Í0 ; Ivlanion v. Fahy, 11W. Va. 482 ; Sether v. Union Mfg. Co. (W. Va.). 40 S. JE. Rep. 547.
Clerical Mistakes Corrected by Bill of Review or Pelition to Rehear.—From the very nature of the consent decree it cannot be altered or modifico except by consent, unless there has been a clerical mistake, which mistake is corrected by a bill of review if the decree is final, or by a petition to rehear it it be interlocutory. Manion v. Fahy, 11 W. Va. 482 ; Morris v. Peyton, 29 W. Va. 201,11 S. IS. Rep. 954 ; Stewart v. Stewart, 40 W. Va. 05, 20 S. 10. Rep. 882 : Sether v. Union Mfg. Co. (W. Va.), 40 S. IS. Rep. 547.
Fraud—By New Suit. —A consent decree may be annulled, when it was obtained by fraud of the other party or by his mistake, by a new suit brought for that purpose. Manion v. Fahy, 11 W. Va. 482.
Consent by Some of Parties—Rest flay Fthe Original Bill.—In a suit to settle a decedent's estate, and to charge it with the payment of his debts, a consent decree which was entered by the plaintiffs, the administrator and a preferred creditor, none of the other creditor parties to the suit being consulted, cannot be modified by subsequent proceedings in the cause, but leave should be granted to those parties who did not consent to file an original bill to set It aside. Manion v. Fahy, 11 W. Va. 482.
Court Cannot Set Aside in Construing Decree.—The court in its decrees carrying into execution a consent decree may construe the same when necessary, but it cannot set aside such consent decree, and enter one totally different therefrom, under the guise of construing it. Sether v. Union Mfg. Co. (W. Va.). 40 S. It. Rep. 547.
5. BY DEFAULT.
a. Appeals ebom.
notion to Correct Gust Be Refused in Lower Court. —The defendant, before appealing from a decree which was rendered by default, should apply to the court in which the decree was rendered, or to the judge thereof to correct the errors, before appealing to an appellate court. He has no right of appeal until a motion is made in the lower court, and Is refused, either in whole or in part. As this was not done no appeal can be entertained, and will be dismissed as being improperly taken. Baker v. Western M., etc., Co., 6 W. Va. 198; Forest v. Stephens, 21 W. Va. 316; Bock v. Bock, 24 W. Va. 586. See §§ 5 and 6, ch. 134 of the W. Va. Code.
Variance between Process and Bill.—Where neither the subpoena nor the decree nisi required the defendants to answer any such bill as was exhibited, and the parties named in the decree nisi are different irom those between whom the decree was made and a decree by default was entered against those parties, they were not in contempt by any proper process, and such decree will be reversed on appeal. Frazier v. Frazier. 2 Leigh 842.
b. Relief ebom.
Neglect of Case by Defendant.—A defendant upon whom process has been served, and who neglects his defence, or contents himself with merely writing to a lawyer who practices in the court to defend him, without giving him any information about his defence, or inquiring whether he is attending to the case, is not entitled to relief from a decree by default, on the ground of surprise, however grossly unjust the decree may be. Hill v. Bowyer, 18 Gratt. 384. See also, Hubbard v. Yocum, 30 W. Va. 755. 5 S. E. Rep. 875; Post v. Carr, 42 W. Va. 72, 24 S. E. Rep. 585.
False Return by Officer.—As to whether a court of equity can grant relief from a judgment procured on a false return by the officer, where it appears from the process and the record to have been duly served, has been the subject of much judicial contention. and the arguments and discussions on both sides of the question appear to be equally balanced. But the Virginia court in Preston v. Kindrkk, 94 Va. 780, 27 S. E. Rep. 588, has adopted the view that a court of equity cannot give relief from a decree by default against a defendant, where such decree was entered on a false return by the sheriff, unless such return was procured or induced by the plaintiff, or he can in some way be connected with the deception. For a full collection of the authorities upon this point, see note appended to the aboye case in 3 Va. Law Reg. 435.
Set Aside for Good Cause.—A final decree by default may be set aside at a subsequent term for good cause shown, in a case where relief cannot be given by bill of review, or bill to impeach the decree for fraud in obtaining- it. ETrwin v. Vint, 6 Munf. 287.
One Party Cannot Object Where No Process Was Served on the Other. —A decree by default is entered against a guardian and his sureties although process had not been served upon one of the sureties. Upon a bill by the guardian and the other sureties to open the decree, no objection can be raised by them to the decree on this ground. Hill V. Bowyer, 18 Gratt. 361.
6. PRO CONFESSO.
a. In General.
Proof Necessary for Final Decree.—in equity if the defendants make default, and a decree pro confesso is entered against them, yet the plaintiffs cannot have final decree without proof. Anonymous, 4 H. & M. 476.
Answer Not Responsive -Motion.—Where an answer is not responsive to a m aterial allegation of the bill, the plaintiff may except to it as insufficient, or may move to have that part of the bill taken for confessed. But if he do neither, he shall not on trial avail himself of any Implied admission by the defendant, for where the defendant does not answer at all, the plaintiff cannot take his bill for confessed without an order of the court to that efiect. and have it served upon the defendant, and this is the only evidence of his admission. Dangerfield v. Claiborne, 2B. &M. 17.
b. When Proper.
Statutory Rule In West Virginia.—The Code of West Virginia, ch. 125, §30, provides: "If a demurrer be overruled, there shall be a rule upon the defendant to answer the bill. And if he fail to appear and answer the bill on the day specified in the order, the plaintiff shall be entitled to a decree against him for the relief prayed for therein.” In a suit in which a demurrer was overruled, on motion of the plaintiff a rule was awarded against the defendant to file his answer, but no specified day was named. A decree entered afterwards, settling the merits of the case, must be overruled and annulled. A decree of this kind can only be entered after the statute has been complied with, and the defendant has fathed to answer on the day specified. Moore v. Smith, 26 W. Va. 379.
Dismissal of Both on Defence by One.—Upon a bill *318 in chancery by a distributee against an administrator and his surety, alleging that the administrator has not duly accounted, and praying an account, a decree pro confesso is taken as to the administrator, but the surety answers, and proves, that the plaintiff, in a full and final settlement, has released the administrator, and so is not entitled to an account; upon which the chancellor dismisses the bill with costs as to both defendants. Held, the bill was properly dismissed as to both defendants. Cartigne v. Raymond, 4 Leigh 579.
In a creditors’ bill, the administrator of the decedent was made party defendant, and called upon to answer under oath the allegations of the bill. All the defendants made default, except the administrator, who demurred, and answered under oath denying the charges of fraud, and averring that the transactions complained of were bona fide, and founded upon a valuable consideration. The plaintiff was not entitled to the decree pro confesso taken as to the other codefendants, as the answer of the administrator enures to their benefit, and it would be without reason, and doubtless without a precedent to enter a decree for the plaintiff, when the record shows Ke is not entitled to one. Terry v. Fontaine, 83 Va. 451, 2 S. E. Rep. 743, citing Anon., 4 I-I. &M. 476; Findlay v. Sheffey, 1 Rand. 73; Cartigne v. Raymond, 4 Leigh 579; Ashby v. Bell, 80 Va. 811.
Allegations Not Controverted.—Every material allegation of a bill not controverted by an answer shall for the purposes of the suit, be taken as true and no proof thereof shall be required. Sec. 36 of ch. 125 of Code of West Virginia; Gardner v. Land-craft, 6 W. Va. 36.
Implied Admissions—notion Necessary.—It is not proper to enter a decree pro confesso as to allegations in a bill, which are not denied in the answer. In this case the plaintiff may except to the answer as insufficient, or may move to have that part of the bill taken for confessed; but if he does neither he shall not avail himself of any implied admission, without an order of the court to that effect, served on the defendant. Clinch River Mineral Co. v. Harrison, 91 Va. 122, 21 S. E. Rep. 660.
Same—Old Rule.—It was formerly held that when an answer controverts part of the plaintiff’s claim, and does not deny the residue, a decree pro confesso may be entered for that part, and the rest set aside. Thompson v. Strode, 2 H. & M. 19.
Demurrer Overruled—No Answer—Rule Necessary.— In equity the court never pronounces a decree against a defendant on overruling his demurrer, there being no answer in, but must award a rule to answer before the bill can be taken for confessed. Hays v. Heatherly, 36 W. Va. 613,15 S. E. Rep. 223.
c. Relief from.
West Virginia Rule—Motion under Statute.—The West Virginia courts have repeatedly decided that a defendant, as to whom a decree has been entered upon a bill taken for confessed, cannot have such decree reviewed, until he shall have first applied to the court below to have such decree corrected in the manner prescribed by section 5, of ch. 134 of the Code. McKinney v. Hammett, 26 W. Va. 628, citing Baker v. W. M. &M. Co., 6W. Va. 196; Dickinson v. Lewis, 7 W. Va. 673; Bock-v. Bock, 24 W. Va. 586; Steenrod v. R. Co., 25 W. Va. 133.
Petition to Rehear.—If in a suit in equity against an absent defendant, alleged to be indebted to the plaintiff, and a home defendant having effects in his hands, a decree pro confesso be entered against the absent defendant, without any proof that the plaintiff is his creditor, there can be no redress obtained by appealing from the decree; he must seek it in the mode prescribed by the statute, that is, he must petition to have the cause reheard in the court which pronounced the decree. The decree will not be set aside as soon as answer is filed, but upon rehearing such" decree will be made as may be just. Platt v. Howland, 10 Leigh 507.
Reversal on Motion—Statutory.—Under the Virginia Code of 1873, ch. 177, § 5, it is provided that, the court which renders any decree as confessed, may .upon motion reverse it for any error for which an appellate court might reverse it. This section requires that every motion under this chapter shall be after notice to the other party, but it is nowhere required that the notice shall specify the errors on the face of the record for which the reversal is asked. Saunders v. Griggs, 81 Va. 506.
Qualified Consent to Decree on Bill Taken as Confessed —Remedy.—There was no appearance in a cause except to make a qualified consent to a decree, which was on a bill taken for confessed. No appeal can be taken from that which is consented to, and all matters not consented to may be remedied in the lower court upon notice and motion, being on a bill taken for confessed. Hunter v. Kennedy, 20 W. Va. 343. .
Construction of West Virginia Statute.—For a construction of §§ 5 and 6, of ch. 134, of W. Va. Code, in reference to appeals from decrees on bills taken for confessed, see Watson v. Wigginton, 28 W. Va. 533.
VI. IN PARTICULAR CASES.
1. AGAINST INFANTS.—See monographic note on “Infants" appended to Caperton v. Gregory, 11 Gratt. 505.
a. In General.
May Set Aside Decree before Majority.—A suit was brought by an infant through his next friend before he had attained the age of twenty-one years, in order to set aside a decree adverse to him which had been rendered in the proceeding, which he set out in his bill. It was claimed that this suit was prematurely instituted and that the plaintiff should have waited until he had attained the age of twenty-one years. This question was disposed of by the supreme court of Virginia in Harrison v. Wallton, 95 Va. 721, 30 S. E. Rep. 372, where it was held that when an infant was aggrieved by a decree which was adverse to his interest, it was not necessary for him to wait until he reached his majority before he might seek to set aside the decree. Lockhart v. Vandyke, 97 Va. 356, 33 S. E. Rep. 613.
Guardians' Cannot Waive Benefit.—It is not competent to guardians of infant parties to waive any benefit to which the infants are entitled in a decree; and it is error to decree on such consent. Hite v. Hite, 2 Rand. 409.
Guardian Ad Litem Necessary.—It is error to enter a decree against infant defendants, without assigning them a guardian ad litem-, and though the infancy did not appear in the original proceedings, yet, if it be alleged in a petition for a rehearing, the decree being interlocutory, a guardian ad litem ought to be appointed. Roberts v. Stanton, 2 Munf. 129.
b. Reservations.
Of Day to Show Cause.—it was formerly held that a decree against infants, which did not reserve for them a day after the attainment of full age, in which they might show cause against the decree, was erroneous. Lee v. Braxton, 5 Call 459; Brax *319 ton v. Lee, 4 H. & M. 376; Jackson v. Turner, 5 Leigh 127; Tennent v. Pattons. 6 Leigh 196.
Same--Statutory Change.—it is now provided in both Virginia and West Virginia by statutory provisions that it is not necessary to insert in any decree or order a reservation to an infant in which he might show cause against it. but in any case in which such provision would have been proper, the infant may, within six months after attaining his majority, show cause in the same manner as if the decree or order had contained the provision. Va. Code, § 3424 ; W. Va. Code, ch. 132, § 7.
Limitations of Cause.—The right of an infant to show cause against a decree which affected his interest, after he arrived at age, must be limited to this extent, to show cause existing at the rendition of the decree, and not such as arose afterwards. The question always must be, can any canse be shown why the decree, at the time it was rendered, was not a legal and binding one. Lafferty v. Lafferty, 42 w. Va. 783, 26 S. E. Rep. 262; Walker v. Page, 21 Gratt. 636; Durrettv. Davis. 24 Gratt. 308; Zirkle v. McCue, 26Gratt. 531; Morriss v. Va. Tns. Co., 85 Va. 588, 8 S. E. Rep. 383; Lancaster v. Barton, 92 Va. 623,24 S. 23. Rep. 251.
c. Effect.
When Decree Is Beneficial.-—Although it is a general rule that an infant defendant is not bound by a decree, if he can show error in it when he becomes of age, yet, where a decree is obviously for his benefit, his rights may be absolutely bound by it. Brown v. Armistead, 6 Rand. 593; Harman v. Davis, 30 Gratt. 461; Morris v. Va. Ins. Co., 85 Va. 588, 8 S. E. Rep. 383.
Same as against Adults.—The law recognizes no distinction between a decree against an infant and a decree against an adult. An infant can impeach a decree only upon grounds which would invalidate it in the case of another person—such as fraud, collusion, or error. The mere fact of infancy confers in such a case no special rights or privtheges. Therefore the same general presumption and inference which applies in favor of decrees against adults, applies in favor of decrees where the rights of infants are involved. Pennybacker v. Switzer, 75 Va. 688; Zirkle v. McCue. 26 Gratt. 517; Harrison v. Wall-ton, 95 Va. 721, 30 S. E. Rep. 372; Turk v. Skthes, 38 W. Va. 401, 18 S. E. Rep. 561; Dickel v. Smith, 38 W. Va. 635, 18 S. E. Rep. 721; Lafferty v. Lafferty, 42 W. Va. 785, 26 S. E. Rep. 263.
2. AGAINST EXECUTORS AND ADMINISTRATORS.-'-See generally, monographic note on “Executors and Administrators.”
a. In General.
For Payment at Future Periods.—It is error to decree against an executor absolutely, that he shall pay money at fixed future periods, in respect to funds not in hand, but which shall then come into his hands. Hite v. Hite, 2 Rand. 409.
For Rents and Profits Received by Testator.—A decree against an executor for rents and profits, received by the testator, ought expressly to direct that he pay the sum in question out of the assets in his hands to be administered ; otherwise it will be understood as against him personally and therefore erroneous. Hite v. Paul, 2 Munf. 154.
Against One Only.—'In a suit brought against two administrators, a decree may be rendered against only one, if it appear that only one has the assets, Templeman v. Fauntleroy, 3 Rand. 434.
b. Effect.
Decree against Administrator d. b. n. of Heir of Executor.—In a suit by legatees against the administrator d. 6. n. of the heir of the executor of t he decedent, a decree against the administrator d. 5. n. conclusively establishes against the heir and all his representatives, the indebtedness of the executor's estate to the legatees of his testator, that they had a right to follow the assets in the hands of the heir, that a sufficiency of such assets came to his hands, and that his representatives, who had received his assets, are accountable to said legatees for the assets so received. Sheldon v. Armstead, 7 Gratt. 264.
Against Executor on Heir or Devisee.—When the lands of an ancestor are charged by his will or bond, in equity the creditors must exhaust the personal estate before they can resort to the lands, and in such case, a decree agaimst the executor is not conclusive, but prima facie only against the heir or devisee. Garnett v. Macon, 6 Call 808.
On Suit for Contribution against Legatees.—After a decree is rendered by a court of competent jurisdiction without fraud or collusion against an executor, he may bring a suit in equity against the legatees for contribution to satisfy such decree, without paying the money himself and without appealing to a higher court, although requested and advised to do so. Bower v. Glendening, 4 Munf. 219.
Estoppel.—In a suit by an administrator d. b. n., against the representative of the first administrator, for the settlement of the first administrator’s accounts, it is irregular to decree payment to the administrator d. b. n. But if the distributees are parties to the suit and do not complain, so that a payment to the administrator d. b. n. would be a valid discharge to the representative of the first administrator, he will not be heard to complain of irregularity in an appellate court. Morris v. Morris, 4 Gratt. 298.
c. personal Decrees.
Receipt of Depreciated floney.—Where one of two joint executors received in payment of bonds of his intestate depreciated money, it was error to decree against both for the amount of loss to the estate, but the decree should be against him only who received it. Myrick v. Adams, 4 Munf. 366.
On Confession of Sufficient Assets —Where a decree is entered against executors for a legacy, upon their confession of assets sufficient to satisfy the same, without specifying whether such assets consist of money or other property, such decree may direct that they pay the legacy and interest, with the costs of the suit, out of the said assets, if so much thereof they have; and if they have not, then out of their own estates. McRae v. Brooks, 6 Munf. 157.
Where suit is brought against an executor and his sureties, and the executor confesses assets, it is competent for a court of equity to decree immediately against the executor; and liberty should be reserved to the creditor to proceed against the sureties by motion, if necessary. Jones v. Hobson, 2 Rand. 483.
Improper Payment of Assets.—Where a decree is made against an executor for havingpaid the assets improperly, he may be subjected in the first instance, without resorting so those who have so improperly received the assets. Ruth v. Owens, 2 Rand. 507.
Decree for Balance De Bonis Propriis.—When abalance is found in the hands of an executor or administrator, the decree should be de bonis propriis, and an acknowledgment of assets, with other circum *320 stances, will have the same effect. Templeman v. Fanntleroy, 3 Rand. 434.
A decree and execution thereupon against an executor, or administrator for a balance due on his administration account, should not be against the goods and chattels of the decedent in his hands to be administered, but against his own goods and chattels. Moore v. Ferguson, 2 Munf. 421; Sheppard v. Starke, 3 Munf. 29.
When Personal Decree against Administratrix Proper.—An administratrix entered into a personal agreement, whereby she bound herself to sell a portion of her intestate’s land to the plaintiff for a valuable consideration, which, by said agreement under seal, she acknowledges to have been paid to her, and possession was delivered in pursuance of the agreement. Subsequently finding herself unable to carry out said illegal agreement, she assumes to take the land back, and enters into possession of it, and promises to return the purchase money. Held, there is no error in rendering a personal decree against her for said purchase money, with interest. Hall v. Wilkinson, 35 W- Va. 167, 12 S. E. Rep. 1118.
Improper When Sued in Representative Character.— A personal decree against an executor or administrator, who is sued in his representative character only, is fatally erroneous. Jones v. Reid, 12 W. Va. 350, citing Spotswood v. Price, 3 H. & M. 123; Humphreys v. West, 3Rand. 516; Pugh v. Jones, 6 Leigh 299; Wills v. Dunn, 5 Gratt. 384.
Charging with Debts When Due—Receipt—Interest-Negligence.—A decree is erroneous which charges the executor with debts, either old or new, due to the estate at the time when they became due, except in those cases where the debts were lost by his negligence or improper conduct. They should be charged to him at the time when actually received. It is also erroneous if it charges the executor with interest from the time the debts became due, without any proof of having been then received. An executor, except as to debts lost by his negligence or improper conduct, is chargeable with interest only on his actual receipts. Cavendish v. Fleming, 3 Munf. 198.
d. Taking Accounts.
Object—Unnecessary When Sufficient Assets Appear. —The only object of taking an account in a suit against an administrator, is to show that sufficient assets have come into his hands to meet the debts of his intestate. Hence it is not error in such a suit to decree against the sureties of an administrator before accounts have been taken, where it appears that he has already received sufficient assets for that purpose. Morrison v. Lavell, 81 Va. 519.
No Decree against an Administrator Prior to Account. —Where a bill was brought against the administrators of a guardian asking for an account and a personal decree was entered against them, it was error to do so without first having ordered an account of their testator’s estate. Lincoln v. Stern, 23 Gratt. 816.
In a suit in equity against executors it is not regular to enter a decree against them to be levied out of the goods of the testator without an account. McRae v. Bates, 4 H. & M. 400.
Of Intestate’s Receipts,—A decree is erroneous which directs an account to be taken of money received by an intestate, unless his personal representative has been properly brought before the court. Donahoe v. Fackler, 8 W. Va. 249.
3. IN JUDICIAL SALES.—See 'monographic note on “Judicial Sales” appended to Walker v. Page, 21 Gratt. 636.
a. in General.
When Commissioner Hay Use Discretion.—Where a decree directs real property to be sold or rented, without directing whether it shall be offered as a whole or in parcels, the commissioner must in the interest of the parties in his discretion offer it for sale or rental in .that manner, which will in his j udgment bring the most money. Rose v. Brown, 17 W. Va. 649.
Two Decrees on Same Dny against Same Land.—If there be two decrees on the same day against the defendant’s land, the whole and not a moiety only of it ought to be directed to be sold. Coleman v. Cocke, 6 Rand. 618.
Currency in Which Deferred Payments Are Payable. —Land is sold at a judicial sale and it is contended that the notes of the defendants for the deferred payments are payable in the currency of the time of the contract. But it was held that in the absence of express stipulation the notes should be paid in the currency of the time when they fell due. Kraker v. Shields, 20 Gratt. 377.
Sale Decreed When Part of Purchase Money Not Due. —It was not erroneous in a decree of sale to enforce a vendor’s lien, to state that a part of the purchase money was not yet due. And this is especially true if when a resale is ordered the whole of the amount had then become due, because this does not constitute an error to the prejudice of the appellants. Moore v. Green, 90 Va. 181,17 S. E. Rep. 872.
Dower Rights,—It is not an error to decree the sale of land, without ascertaining the right of dower therein. There is nothing to prevent the widow from bringing her suit against the proper parties, claiming their lands, and having her dower set out in them. Hunter v. Hunter, 10 W. Va. 321.
b. Jurisdiction.
Trustee Necessary in Suit to Enforce a Trust.—In Conrad v. Fuller, 98 Va. 16, 34 S. E. Rep. 893, it was held to be error to enter a decree directing the sale of a decedent’s real estate before the trustee in a deed of trust conveying the same land to secure a debt had been made a party to the suit. He was a necessary party, and the court ought not to have entered a decree for sale until he was brought before it.
Land Chargeable in Equity—Amount of Debt.—A court of chancery ought not to direct the sale of land for the payment of debt, unless the creditor asking the sale shall show that the land is legally chargeable in equity, tor such payment, and not even then until the amount of the debt shall be ascertained. Smith V. Flint, 6 Gratt. 40.
All Persons in Interest Must Be Parties.—It is error to decree land to be sold, in which a person not a party to the suit has an interest, legal or equitable. Barrett v. McAllister, 33 W. Va. 738, 11 S. E. Rep. 220.
Equitable Title Should Not Be Sold.—It is a general rule that a court of equity ought not to decree a sale of an equitable title in land, but if a decree for sale of the land be proper, it should first direct that the legal title be perfected, and then decree a sale of that. Goare v. Beuhring, 6 Leigh 585.
c. Liens and Priorities.
No Decree Prior to Fixing of Liens and Priorities.— It is the established rule in Virginia and West Virginia that no decree for the sale or rental of real estate should be entered, until the liens thereon, with their priorities, are fixed and determined, so that the land may bring a better price, in *321 that the prospective buyers may make intelligent' bids, without fear of subsequent litigation. Scott v. Ludington, 14 W. Va. 387; Cole v. McRae, 6 Rand. 644; Daingerlield v. Smith, 83 Va. 81, 1 S. E. Rep. 599; New v. Bass. 92 Va. 383, 23 S. E. Rep. 747. See mono-graphic/&fl/V on “JudicialSales” appended to Walker v. Page. 21 Gratt. 636, for full list of authorities. Nor will the defect be cured by the creditor, whose lien was not ascertained, consenting to the decree, as the debtor and other creditors are interested in haying the amount of liens and their priorities fixed before a sale. Beard v. Arbuckle, 19 W. Va. 135.
And if a decree of sale has been entered, and subsequently, before advertisement under this decree, it was suggested that there were other liens than those reported, a decree then entered referring the cause to a commissioner for a further account of liens, operated to suspend the decree of sale. Harris v. Jones, 96 Va. 658, 32 S. E. Rep. 455.
In Beard v. Arbuckle, 19 W. Va. 135, it was held to be an error to leave the amounts of liens on a tract of land in uncertainty before the sale, by recommitting the report to the commissioner with leave to the debtor within 60 days to reduce the amounts of any of the liens by proving payments.
What Land is Liable.—There should not be a decree for sale in an action brought for the purpose of subjecting lands to satisfy a judgment, until the priorities of the parties are adjusted, and until it has been ascertained what portion of lands appearing by deeds filed with the bill to belong to the debtor, was included in a certain deed of trust. Buchanan v. Clark, 10 Gratt. 164.
Other Liens Must Be Provided for.—it is error to decree the sale of land to pay the judgment of the plaintiff, without at the same time providing for the payment of other judgment liens, appearing in the record, although these lienors have not answered the bill, and have not asked to have the land sold to pay these judgments. Scott v. Ludington, 14 W. Va. 387.
It is error to decree the sale of land, which is subject to prior encumbrances. Scott v. Ludington. 14 W. Va. 387.
Plaintiff’s Rights Should Be First Ascertained.—It is error for the court to provide, in its decree for sale, for further relief, should it appear that a certain reduction in the judgment was incorrect. It is the duty of the court to definitely fix the amount to which the plaintiif is entitled before ordering a sale. Scott v. Ludington, 14 W. Va. 387.
d. Rents and Promts.
Sufficient to Pay Interest—No Sale—Where the annual rental of land descended is more than sufficient to pay the interest; on the bond debt of the ancestor, a court of equity will not decree a sale of such land in possession of his heirs to satisfy the debt, the land not being subject to any specific lien or encumbrance in favor of the creditor. Wilders v. Chambliss, 6 Munf. 432.
Inquiry as to Rent before Sale.—in a suit in equity to enforce the lien of a judgment, there was no averment in the bill, nor admission, nor proof that the rents and profits of the lands of the debtor would not pay the debt in five years. It was error to decree a sale of the land before this inquiry had been made. But as the decree appealed from in this case was interlocutory, it will be amended and affirmed. Price v. Thrash, 30 Gratt. 515; Southwest Va. M. Co. v. Chase, 95 Va. 56. 27 S. E. Rep. 826.
Sale of Land Improper if Rent Will Satisfy in Short Time.—Upon a bill by creditors of a decedent against his administrators and heirs to marshal the assets, the court may decree a sale of the lands descended to the heirs; but it is not bound, and ought not to decree such sale, if the rents and profits of the lands will satisfy the debts in a reasonable time, especially if the heirs be infants. Tennent v. Pattons. 6 Leigh 196.
e. Personal Decrees.
Where Vendor’s Lien—in a suit brought to enforce a lien reserved on land for the purchase price thereof, there may be a personal decree for the purchase money before the sale, and not merely for the balance remaining due after crediting the proceeds from the sale of the land. Dellinger v. Foltz, 93 Va. 729, 25 S. E. Rep. 998; Fayette Land Co. v. L. & N. R. Co., 93 Va. 274, 24 S. E. Rep. 1016.
When Personal Decree and Decree for Sale Both Proper.—in a suit brought to enforce a vendor’s lien, it is plainly within the jurisdiction of the court of equity, to enter a personal decree against the defendant, and also a further decree for the sale of the land, if the personal decree be not satisfied. Fayette Land Co. v. L. & N. R. Co., 93 Va. 274, 24 S. E. Rep. 1016.
Purchase by Tenant in Common.—At a sale of property held by tenants in common, one of them becomes the purchaser, but fails to comply with his contract. In a suit for specific execution of his contract there is a personal decree against him, and for a sale of the whole property, but it was held on appeal that the purchaser at the sale bought only the moiety of the other tenant in common, and the lien of the decree only extended to that moiety though the whole property wavS sold under the decree. Johnson v. Bank, 33 Gratt. 473.
Personal Decree for Balance Due—Enforcement.—it is proper in a suit to enforce a vendor's lien to give the plaintiff a personal decree against the purchaser for the balance due. and the court in its discretion may authorize the enforcement of this decree before subjecting the land to the lien. Carskadon v. Minke, 26 W. Va. 729.
Same—Reservation for Sale under Deed of Trust.—The sale of a house and lot under a deed of trust to secure the deferred payments was enjoined on the ground that the sale was made with reference to Confederate States currency. The bill was dismissed and a personal decree entered. It was irregular to dismiss the bill. The decree should reserve liberty for application to the court for sale under the deed of trust, if the personal decree fail to produce the money. Kraker v. Shields, 20 Gratt. 377.
f. Errors and Omissions.
Sale Must Follow Decree.—A decree for the saie of lands was made against adult and inf ant def e udants. The marshal to make sale was instructed by the adults to sell in a different manner from the decree, and obeyed these instructions, and not the decree. The sale was irregular. Tennent v. Pattons, 6 Leigh 196.
Confirmation Cures Unauthorized Execution of Deed.—Where a decree, which directs commissioners to sell land, did not authorize them to execute a deed to the purchaser, yet as they did execute the deed and a final decree subsequently entered, ratified and confirmed it, this order of confirmation gave full effect and validity to such deed, and related back to its date, so as to invest the purchaser with the legal title of the original owner. Evans v. Spurgin, 6 Gratt. 107.
*322 Errors Should Be Objected to in Lower Court.—A decree confirming a sale of real estate will not be reversed for an error in the decree ordering the sale, when no steps have been taken in the court below before the confirmation to reverse said decree. This rule applies in some cases to a party to the suit, who is a purchaser of lands sold under a decree, as well as to a stranger. Dick v. Robinson, 19 W. Va. 159.
Sale Improper—Cloud on Title.—when a decree directs property in which absent defendants are interested to be sold, and these defendants have not been summoned by due process, this objection may be made by other defendants, who may also be affected by this decree, because the property would be placed under a cloud, and would not sell to the advantage it would have done if no such cloud rested upon it. McCoy v. McCoy, 9 W. Va. 443, citing Craig v. Sebrell, 9 Gratt. 133.
Same—When Payments Thereunder Due before They Were under the Contract.—A decree is erroneous by which the last payment on the property when sold, might become due before the last instalment of the purchase money due the complainants; it is error to decree the sale of land on terms in any case which would have this result. Gates v. Cragg, 11 W. Va. 300.
Same—Of Land in Hands of Receiver before an Account.—In a creditors’ suit, where the lands of the defendant have been for some time in the possession of receivers, statements of their transactions should he completed before a decree is entered, and it is error to decree a sale of the land for the’ payment of debts before the amount received In their transactions as receivers had been fully ascertained and credited on the debts. Strayer v. Long, 83 Va. 715, 3 S. E. Rep. 372.
Same—Rights of Tenant in Possession Unascertained. —In a chancery suit for the sale of land, it is an error to decree a sale thereof before the rights of a tenant who Is in possession has been ascertained and before any provisions have been made for his protection. Moore v. Bruce, 85 Va. 139, 7 S. E. Rep. 195.
Exceptions to Decree for Sale.—If a decree direct the sale of real estate under circumstances which injure the sale, the parties injured should except to the report of the commissioner, and apply to the court to set aside the sale. A hill of review after a final decree is not the proper remedy. Vanmeter v. Vanmeters, 3 Gratt. 148.
4. AGAINST MARRIED WOMEN.—See mono-graphic note on “Husband and Wife.”
When Personal Decree Erroneous.—A personal decree against a married woman for a debt contracted during coverture is erroneous and void, and a clause in the decree that it is to he levied of her separate estate and goods and chattels, not limiting it to the property before the court in the suit, does not cure the error. This was before ch. 3, § 15, Acts 1893. Turk v. Skiles, 38 W. Va. 404, 18 S. E. Rep. 561.
For Specific Performance.—When a married woman contracts in writing for the sale of her separate estate in land, a personal decree for specific performance may he enforced against her under § 2289 of Va. Code. Gentry v. Gentry, 87 Va. 478,12 S. E. Rep. 966.
5. AGAINST NONRESIDENTS.
No Appeal by Nonresident—Petition Proper.—It is well established that if a judgment or decree has been obtained against a nonresident by publication, his remedy is not by appeal or supersedeas to an appellate court, but he must file his petition and make defence in the courtln which the judgment or decree was rendered, Meadows v. Justice, 6 W. Va. 198.
Statutory Remedy front Decree against Nonresidents.—It Is well settled that a nonresident defendant, against whom a decree has been rendered upon publication, is confined to the remedy prescribed by the statute and that he cannot in the first instance appeal from such decree. Vance v. Snyder, 6 W. Va. 24; Meadows v. Justice, 6 W. Va. 198; Lenows v. Lenow, 8 Gratt. 349; Handy v. Scott, 26 W. Va. 710.
Reversalof Joint Decree.—An attachment proceeding was instituted against two persons as jointly indebted,to the plaintiff. One of them appeared and answered the bill, and the other was regularly proceeded against as an absent defendant, and there was a joint decree against both. The absent defendant had no right to appeal on account of any error in the decree against him as he did not appear; hut the decree, which was joint, being erroneous, will he reversed as to both upon the appeal of the defendant, who did appear and file his answer, the defence being in no respects a personal one. Lenows v. Lenow, 8 Gratt. 349.
Expiration of Time to Show Cause.—The time allowed by a decree against an absent defendant, within which he might show cause against it, having expired, the plaintiff is entitled to the benefit of the decree without giving the security originally required by it. Ross v. Austin, 4 H. & M. 502.
Attachment under I Rev. Code.—It was held in Horton v. Horton, 4 H. & M. 403, that where a decree was pronounced against a person out of the commonwealth, under 1 Rev. Code, p. 115, directing the method of proceeding against absent defendants, that an attachment cannot he awarded against him after his return, until twelve months have elapsed from the time of service of a copy of such decree.
The statutory provisions in 1 Rev. Code, pp. 475-6, § 4, which provide that a decree made against an absent defendant shall after seven years stand absolutely confirmed against him, does not protect a decree procured by fraud, after the death of the absent defendant, without suggesting his death or reviving it against his representatives or heirs. The statute in question intends to quiet the possession of property acquired under decrees fairly obtained against the absent parties to bar any further litigation in the-matter of the suit so decided, after seven years from the date of the decree. It does not intend to quiet parties in the enjoyment of property acquired under a decree obtained by fraud. Evans v. Spurgin, 11 Gratt. 615.
Conclusive after Seven Years.—Decrees against absent defendants have the same effect as against absent debtors. And so far as the decree operates upon a subject within the jurisdiction of the court, the interests of such absent defendants therein are conclusively bound by the decree, unless he shall appear and petition for a rehearing in seven years. Rootes v. Tompkins, 3 Gratt. 98.
Same—Exception as to Personal Demands —A decree against an absent debtor so far as it reaches beyond the cause or thing subject to the jurisdiction of the court, and purports to operate in personam, so as to create a personal charge alone, is not of such binding and conclusive character as to preclude all enquiry into the merits thereof, notwithstanding more than seven years have elapsed since it was pronounced. But it may be shown to he erroneous *323 either upon its face or by evidence aliunde. Rootes v. Tompkins, 3 Gratt. 98.
Against Dead Defendant Set Aside—Answer of Absentee Received on Terms.—Where a motion was made to set aside a decree of the prior term of a court, as to one of the defendants, who was then dead, and to file the answer of another defendant against whom there was a decree, as being out of the country, the court set aside the decree as to the defendant who was dead at the time it was rendered; but the answer of the absent defendant was not received, but upon security for costs, unless the plaintiff will consent that the answer may be filed without such security. Hooe v. Barber, 4 H. & M. 489.
Attachment—PersonaS Decree against Nonresident on flaking Appearance.—Where the effects of anon-resident have been attached, and an order of publication has been issued as to him, if he appears, there maybe a personal decree against him, without disx>osing of the attachment, or there may be both a personal decree against him, and a decree subjecting the attached property. Coleman v. Waters, 13 W. Va. 278; Chapman v. P., etc., R. Co., 18 W. Va. 184; Wetherill v. McCloskey, 28 W. Va. 195; O’Brien v. Stephens, 11 Gratt. 610.
Same —No Personal Decree unless Defendant Appears.—Where an attachment proceeding was instituted against the property of an absent defendant and he does not appear in the case, there cannot be a personal decree against him, but the attached property alone can be subjected to the debt. O’Brien v. Stephens, 11 Gratt. 610; Wetherill v. McCloskey, 28 W. Va. 195; Mahany v. Kephart, 15 W. Va. 609; Barrett v. McAllister, 33 W. Va. 738, 11 S. E. Rep. 220. But in Williamson v. Gayle, 7 Gratt. 158, and Schofield v. Cox, 8 Gratt. 533, it was held that a personal decree could be had against an absent debtor in an attachment proceeding where he made no appearance.
6. FOB INTEREST.—See monographic note on “Interest" appended to Fred v. Dixon, 27 Gratt. 541.
Decree for Money—General Rule,—In all cases where a decree is rendered for the payment" of money it shall be for the aggregate of principal and interest due at the date of the decree, with interest from then, excei>t when otherwise provided. Baer, etc., Co. v. Cutting, etc., Co., 42 W. Va. 359, 26 S. E. Rep. 191.
A decree for money should state the amount which the defendant is required to pay, and the date from which interest is to be computed, and it is not sufficient to direct that the plaintiff recover “the amounts of their respective notes and judgments, with interest thereon, as separately and specifically set out in the bill.” Spoor v. Tilson, 97 Va. 279, 33 S. E. Rep. 609.
Bond at Three Per Cent,—Decree for Payment Should Bear the Same Interest.™A decree for the payment of a bond which bears three per cent, interest from date, should be for the aggregate sum due, and then the decree should provide for the payment of interest thereon at the rate of three per cent, until paid, and if it provides for interest at six per cent, on the required sum, it is erroneous. Pickens v. McCoy, 24 W. Va. 344.
On Annuities.—-In a suit in equity for the arrears of an annuity, the decree should be for the sums due, with interest from the days when payable respectively. Marshall v. Thompson, 2 Munf. 412.
On Hires of Slave.—Where a purchaser of a slave bought with notice of a better title, in a decree entered against him to deliver up the slave with profits, interest should be charged against him on the amount of hires actually received by him from other persons from the dates of their receipts. Baird v. Bland, 5 Munf. 492.
VI!. ERRORS AND OHISSIONS.
Decree Sufficient if Substantially in Favor of Plaintiff. —It is no objection to a decree that it is nominally in favor of one defendant and against another, if it be substantially in favor of the plaintiff. West v. Belches, 5 Munf. 187.
Payment Decreed before Due.—It is error to decree the payment of purchase money before the time fixed for its payment in the contract. Dunfee v. Childs, 45 W. Va. 155, 30 S. E. Rep. 102.
Two Defendants—Failure to State against Whom Recovery Is Had.—Where a suit is brought against two parties, a decree entered therein is erroneous if it does not state against whom the recovery of the complainant is had. Snyder v. Brown, 3 W. Va. 143.
Omission—Of Costs.—It is not error for decrees which are not final, though they do adjudicate the principles of the cause, to omit to decree costs, but reserve that question for further adjudication. Cooper v. Daugherty, 85 Va. 343, 7 S. E. Rep. 387.
Same—Of Refunding Bond.—In Handly v. Snodgrass, 9 Leigh 284, a different rule was established from the former pne, which was that a decree in favor of a legatee against an executor, omitting to require a refunding bond, would be considered erroneous and reversed. This was held to be an abuse of justice to reverse a decree for a mere omission or oversight, and not for error in the actual judgment of the court.
Same—Of Depositions.—The record of a cause shows that depositions were taken by both parties, who were present at the taking of the depositions, and cross-examined the witnesses. The entry of the clerk shows that they were filed in the cause before the hearing, and the decree being evidently founded upon the evidence, it is fair to presume that the omission to refer to them in the decree was a clerical mistake in drawing the decree and that the cause was heard upon the depositions. Day v. Hale, 22 Gratt. 146. See, in accord, Turnbull v. Clifton Coal Co., 19 W. Va. 299, distinguishing Shumate v. Dunbar, 6 Munf. 431, and Nelson v. Cornwell, 11 Gratt. 741. See also, Renick v. Ludington, 20 W. Va. 533, in approval, distinguishing Camden v. Raymond, 9 W. Va. 690.
Omission to Direct Deed.—The more usual practice in cases where a sale is ordered by an interlocutory decree is to withhold by express provision a conveyance of the title until after the coming in of the report. It is not error in such a decree to omit to direct a deed to be made. Goddin v. Vaughn, 14 Gratt. 102.
No Day to Redeem Given.—Where a decree, in a suit to enforce a lien of the vendor for unpaid purchase money, gives no day to the appellant to redeem the property by paying up the amount charged npon it, this constitutes an error. And it also should direct a sale for a reasonable credit, instead of for cash. Kyles v. Tait, 6 Gratt. 44.
VIH. AHENDMENT, CORRECTION AND ENTRY IN VACATION.
1. WJHAT PROCEEDINGS PROPER IN GENERAL.
Motion and Appeal—Against Person Not a Party.— When a decree has been entered against a person, *324 who is not a party to the suit, it may be corrected by motion in the lower court, and can be corrected in the appellate court. Boggess v. Robinson, 5 W. Va. 402.
Motion or Bill of Review.—A decree which is final in all respects, except that “liberty is reserved to the parties, or either of them, to resort to the court for its further interposition, if it should be found necessary,” may be amended on motion in a summary way or by bill of review. Sheppard v. Starke, 3 Munf. 29.
Counsel' May Correct Decrees.—Where there were palpable errors in a decree, and the counsel for the beneficiaries under it directed the clerk by endorsement on any execution that might be issued on it, to correct these errors, these mistakes were obvious and every correction was a matter of course. The counsel for the parties in whose favor the decree was made had full authority to bind their clients by making the corrections. Hill v. Bowyer, 18 Gratt. 864.
Motion under Statute.—Where a decree is entered in a cause, the pleadings and proofs in which did not authorize such, it is a mere error of the court where it has jurisdiction of the parties and of the subject-matter, and it does not exceed its jurisdiction in rendering a personal decree, it only commits an error for which relief could have been had under § 3451, of the Va. Code. Preston v. Kindrick, 94 Va. 760, 27 S. E. Rep. 588. See Code of W. Va., ch. 134, § 5, for correction in lower court, and § 6, same chapter, for correction in appellate court. Erroneous amounts may be corrected in this way. Pumphry v. Brown, 5 W. Va. 107.
Statutory Release of Error.—A decree will not be reversed because of error in it, if the amount of the error has been released according to Code Va., § 3451. Dickinson v. Clement, 87 Va. 41, 12 S. E. Rep. 105.
No Correction by Original Suit.—The superior court of chancery cannot correct errors in a decree of an inferior court by an original suit, although in that way it may impeach such a decree for fraud, and under peculiar circumstances would lend its aid to carry a decree of an inferior court into effect. Banks v. Anderson, 2 H. & M. 20.
2. OF INTERLOCUTORY DECREES.
Directing Sale instead of Payment Out of Rents.—An interlocutory decree directed a sale of land to satisfy a debt, in a case where it might have been proper to decree satisfaction out of the rents and profits. This was not in controversy in the court below nor was itbrought to the notice of the court although the party had ample opportunity to apply for an alteration of the decree. On appeal the decree will not be reversed for such cause, but affirmed with directions that the cause be remanded, the decree corrected and that the debt be satisfied out of the rents and profits, if it can be done so within a reasonable time. Manns v. Flinn, 10 Leigh 93.
Petition to Rehear—The proper method for bringing an interlocutory decree before the court of appeals for correction is by a petition to rehear. Smith v. McLain, 11 W. Va. 654.
No Appeal from Unless Lower Court Refuses to Correct.—A cause was heard upon the report of a commissioner which had not been returned for the legal period. The decree was interlocutory and the error should have been corrected by applying to the court below. It is not a ground for an appeal unless, 'on an application to the lower court, it refuses to correct it. Armstrong v. Pitts, 13 Gratt. 235.
Improper Entry of Decree of Sale.—A suit was instituted having for its object the enforcement of the lien of a certain judgment against the defendant, asking that his land be sold to satisfy the same. A decree of sale was entered as by confession, and on the same day an answer was filed in the cause. Whatever may have been the propriety in the decree when entered, when on the same day it appeared to have been improperly entered, it should have been amended or suspended, and steps taken to settle the rights of the parties, in order to sell the land at its best price and to prevent a sacrifice. Ogden v. Brown, 83 Va. 670, 3 S. E. Rep. 236.
3. DURING TERM.
Court Has Complete Control.—During the term of the court at which a decree is entered, it is completely under the control of the court, and may on motion, or at the suggestion of the court without motion, be modified or annulled. A decree procured by fraud may be so set aside during the term at which it was made, but not afterwards. Manion v. Fahy, 11 W. Va. 482.
Until the court adjourns for the term, no one, unless expressly authorized to do so, can act under a decree entered at that term, except at his peril. During the term ail the proceedings are in the breast of the court and under its control, and liable to be stricken out, altered or amended during the term, without notice to the parties, who are conclusively presumed to know that a decree entered at an early day of the term of the court has been modified by the decree, entered at a later day. Clendenning v. Conrad, 91 Va. 410, 21 S. E. Rep. 818.
A judgment creditor filed his bill against a husband and wife, seeking to set aside, as fraudulent and void, a conveyance of lands from the husband to the wife. The cause was heard upon the bill taken for confessed, and a decree was entered annulling the conveyance and directing a sale of the land. During the same term the decree was set aside on motion of the defendant and they were allowed to answer the bill. A decree, during the term of the_court at which it was entered, is completely under its control, and may be modified or annulled on motion, or at its own suggestion without motion, and it was not error in this case to allow the defendants to answer the bill after setting aside the decree. Kelty v. High, 29 W. Va. 381, 1 S. E. Rep. 561.
On Overruling a Demurrer—Motion under West Vir= ginia Statute.—"When a decree is entered under § 30 of ch. 125 of the Code of W. Va., upon the overruling of a demurrer to a bill, such a decree cannot be corrected by the same court on motion under § 5 of ch. 134 of the Code of W. Va., as that applies only when bills are taken for confessed. When a demurrer has been filed and overruled, no decree can be taken against him, as on a bill taken for confessed. Gates v. Cragg, 11 W. Va. 300.
4. APTER TERM.
Petition for Rehearing.—After the close of the term of the court, in which a decree is rendered settling any of the principles of a cause, though such decree be interlocutory the court cannot set aside or disregard such decree, unless it is done upon a petition for a rehearing. Davis v. Demming, 12 W. Va. 246.
Bill of Review—Impeachment—Appeal.—A decree once passed, and the term ended, can only be disturbed by petition, bill of review, bill to impeach, or by appeal. Nelson v. Kownslar, 79 Va. 468.
Not by Motion under West Virginia Statute.—Where *325 a decree has been rendered in a cause upon a demurrer to the bill, an answer, a supplemental and amended answer, and replication thereto, upon depositions taken, and the report of a commissioner, which has been excepted to, the exception acted upon, and the principles of the cause have been adjudicated, such decree cannot be reversed upon motion under chapter 134 of the Code of W. Va. Rader v. Adamson, 37 W. Va. 582, 16 S. E. Rep. 808.
5. IMMATERIAL ERRORS.
In Mere Details.—Errors in mere details of a decree for an account are not a proper subject for appeal and correction in an appellate court. They may be corrected by exceptions to the commissioner’s report. Humphrey v. Foster, 13 Gratt. 653.
Costs.—if the decree of an inferior court appealed from is correct in all respects except as to the costs, that is a question which will not be looked into by the appellate court and the decree reversed, but it will be corrected and affirmed. Jones v. Cunningham, 7 W. Va. 707.
No Replication.—A decree will not be reversed for want of a replication where the defendant has taken depositions as if there had been a replication. Bierne v. Ray. 37 W. Va. 571, 16 S. E. Rep. 804; Moore v. "Wheeler, 10 W. Va. 35.
6. JUDICIAL ERRORS.
In Amount—Result of Calculation by a Party—Origin nal Bill.—When the error complained of is the insertion of a particular amount in a consent decree as the result of a calculation by one of the parties upon a basis, which other parties regard as not in accord with the understanding of the parties, such error is nota clerical error, but a mistake of parties, and, if it be an error, it can be corrected only by original bill. Morris v. Peyton, 29 W. Va. 201, 11 S. E. Rep. 954.
Deed Void Only as to Creditors Declared Void in Toto. —If the decree, in a suit brought to set aside a deed as tending to hinder, delay and defraud creditors, sets aside the conveyance as void in toto, when it is void only as to creditors, whose debts were contracted before the time of making the conveyance, it constitutes an error, which is not suffici ent to reverse the decree, but which maybe corrected, and affirmed as corrected. Linsey v. McGannon, 9 W. Va. 154.
7. CLERICAL ERRORS.
Amount Too Large—Release of Excess under Statute —By Motion.—When by a clerical error a party to a cause has obtained a verdict larger than he is entitled to, he may release the excess in the same conrt or at any future term by a writing hied in the cause, the release being for the benefit of the adverse party. This is expressly provided by Code of W. Va. ch. 134, § 5. Shipman v. Bailey, 20 W. Va. 140. See Va. statute to same effect, § 3451, Code of 1887, as amended by Acts 1893-4, p. 376.
Under § 5, ch. 177 of Code of Va. 1873, the court in which a decree was entered may on motion, after notice to opposite party or his agent, correct any clerical error by amendment when there is something in the record by which to amend. See § 3451 of Code of 1887, as amended by Acts 1893-4. p. 376. See § 5, ch. 134, Code of W. Va. 1899, to same effect.
By § 5, ch. 134 of Code of W. Va., clerical mistakes in decrees may be corrected on motion at a subsequent term. Manion v. Fahy, 11 W. Va. 482.
An erroneous entry of a decree may be rectified upon motion at a succeeding term; and any mistake committed by the officers of the court or gentlemen of the bar may be likewise corrected. Marr v. Miller, 1 H. & M. 204.
Includes Errors of County Clerk—Excludes Concluslon of Court.—Sec. 3451 of the Code of Virginia providing for the correction of errors in a decree on motion, was held in Shipman v. Fletcher, 91 Va. 473, 22 S. E. Rep. 458, to cover errors of the clerk, and not errors in the reasoning and conclusion of the court, making the judge an appellate tribunal over himself. The purpose of the statute was to provide a prompt and inexpensive remedy for the correction of errors by the conrt that made them.
Mistake in Name.—In a decree, on account of a clerical error, the name “I. K. Menefee” Is inserted in the place of “I. K. Menefee & Co.” This is no ground for reversal, and will be corrected in the appellate court. Henley v. Menefee, 10 W. Va. 771.
Misrecital of Sum.--A mistake or misrecital of a sum in a decree will be corrected on motion after notice, under § 5, ch. 134. Code 1891. Shumate v. Crockett, 43 W. Va. 491, 27 S. E. Rep. 240.
8. MISTAKE OR SURPRISE.
By Petition or Original Bill.—a petition was filed to open an original decree which had been rendered without an appearance by the petitioner, on the grounds of alleged accident and surprise. Such a proceeding may be either by petition, or by original bill. In either form it is an original proceeding and may be commenced without the previous leave of the court. Hill v. Bowyer, 18 Gratt. 364.
Original bill is the proper remedy in a decree which has been obtained by surprise or mistake. Anderson v. Woodford, 8 Leigh 316.
9. ENTRY IN VACATION.
By Consent of Parties—West Virginia Rule. —A decree adjudicating adverse claims or rights, entered by the j udge of a circuit court in vacation, by consent of parties previously given in court and entered on record, is erroneous. Gilmer v. Baker, 24 W. Va. 72; Monroe v. Bartlett, 6 W. Va. 441; Johnson v. Young, 11 W. Va. 673; Rollins v. Fisher, 17 W. Va. 578.
Same—Virginia Rule.—A decree which confirms a report of liens disposes of the cause on the merits, and cannot be entered in vacation except by consent of the parties as provided in § 2437 of the Va. Code of 1887. Harris v. Jones, 96 Va. 658, 32 S. E. Rep. 455.
By Judge without Consent Decree.—Where no order that by consent of parties a cause may be decided in vacation was entered, the decree of a judge in vacation is unauthorized and void. Johnson v. Young, 11 W. Va. 673.
By Authority of Statute.—A court has no power to enter a decree in vacation, unless authorized to do so by statute. Kinports v. Rawson, 29 W. Va. 487, 2 S. E. Rep. 85.
It was held in Tyson v. Glaize, 23 Gratt. 799, that the circuit court has no authority to make a decree in a cause in vacation, except in those cases which are authorized by statute, and that the consent of parties cannot give jurisdiction. This case was followed by Chase v. Miller, 88 Va. 795, 14 S. E. Rep. 545. This rule has been abrogated by statutory provisions. See § 3427, Va. Code 1887, as amended by Acts 1895-96, p. 177, and Acts 1897-98, p. 754.
IX. CONSTRUCTION AND OPERATION.
1. CONSTRUCTION.
In Executing Consent Decree.—The court in Us decrees carrying into execution a consent decree must necessarily construe such consent decree. But it should notput a construction upon any clause therein until it is called upon to enter such a decree *326 as renders it necessary to construe such a clause. Morris v. Peyton, 29 W. Va. 201, 11 S. E. Rep. 954.
Obedience Refused to Uncertain Decree—No Attachment Awarded.—An attachment ought not to be awarded against a party for refusing obedience to a decree, which as yet remains general and uncertain, and the extent of which, as it relates to him, he cannot ascertain without applying to the court for a further decree. Birchett v. Bolling, 5 Munf. 442.
ForSpecific Performance of Contract of Sale—Title.— A decree in chancery, which declares the court’s opinion that an agreement for the sale of a tract of land should be specifically performed by both the parties, and which directs the vendee to execute a mortgage of the same land to secure the purchase money, is to be understood, as requiring the vendor, in the first place, to make a title to him. Mayo v. Purcell, 3 Munf. 243.
Obtained by Confederacy and Collusion—Held Inoperative.—Where a suit was prosecuted, and the decree obtained under the circumstances of suggestion of falsehood and suppression of truth, of imposition practiced on the court in' which it was rendered, and of confederacy and collusion, the decree may, and must, if necessary, for the protection of those interested, be held to be wholly inoperative as to them. Young v. McClung, 9 Gratt. 336.
Not by Implication.—Decrees are not to be construed as adjudging by mere implication, and a decree will not be construed to so adjudge that a trust deed was fraudulent, or had been satisfied, when no decree expressly adjudges this, and if it did so, it would be in direct opposition to’ express evidence to the contrary. Fisher v. Dickenson, 84 Va. 318, 4 S. E. Rep. 737.
No Direction of Warranty—Special Warranty.— Where a decree for a deed does not direct specially whether a general or special warranty deed should be made, the defendants can only be required to make a deed with special warranty. Boggess v. Robinson, 5 W. Va. 402.
Literal Interpretation—Opposed to Principles.—When the principles of a decree seem to be opposed to its letter, the literal interpretation ought not to be relied on as a binding precedent. Lewis v. Thornton, 6 Munf. 87.
Recitals—That Cause Was Regularly Matured.—It is the better practice for a decree to show on its face, that the cause was regularly matured for hearing, but it is not error to enter a decree in a cause which does not show this, if the cause was in fact matured for hearing. Riggs v. Lockwood, 12 W. Va. 133.
No Recital of Overruling Demurrer.—A decree which fails to mention the overruling of a demurrer to a cross bill, is not erroneous, if it in effect disposes of the demurrer, though it does not do so in express words. Smith v. Profitt, 82 Va. 832, 1 S. E. Rep. 67.
Depositions Not Recited Cannot Be Read.—Where the decree of the lower court expressly says that the cause was heard “upon the decrees heretofore rendered and bill and exhibits therewith filed, and the answer of the defendant, and the general repli-^ cation thereto,” and there was also appended to the record several depositions, designed to sustain the allegations of the answer, but the decree shows it was not heard on these depositions, they cannot be read or considered in an appellate court. Camden v. Haymond, 9 W. Va. 680.
•If it be stated in the transcript of a decree in chancery that “the cause came on to be heard on the bill, answer and exhibits,” such hearing must be understood to have been in exclusion of the depositions contained in the record; no proof appearing of notice of the-time and place of taking those depositions. Shumate v. Dunbar, 6 Munf. 430.
2. OPERATION.
a. As A LIEN.
(1) When It Begins.
Entered during Term Relates to First Day.—The lien of a decree, entered during a term of a court, becomes binding on the real estate of the debtor from the first day of the term. Hockman v. Hockman, 93 Va. 455, 25 S. E. Rep. 534. See § 3557 of Va. Code; ch. 139, § 5 of W. Va. Code.
Cause Must Be Ready for Trial on First Day.—Though a decree relate to the first day of a term, yet if the case was not ready for hearing or trial, and therefore no judgment or decree could have been given on such first day, it does not relate to the first day, but has the date of its actual entry of record. Dunn v. Renick, 40 W. Va. 349, 22 S. E. Rep. 66.
(2) What It Binds.
For Payment of Money—Real Estate.—In a suit to subject land to the payment of debts, the commissioner of sale was directed, after his report of sale had been confirmed, to pay out of the funds in his hands the debts of the creditors named in the decree: He fathed to do this, became insolvent and then transferred his land to secure one of his creditors. The first and second sections of ch. 18 of the Virginia Code 1873, provided that a decree requiring the payment of money shall have the effect of a judgment for so much money. The sixth section makes such judgment a lien on the real estate of the person who is directed to make the payment of said money. Under the operation of these provisions the above decree constitutes a valid lien upon the lands of the commissioner of sale. Lee v. Swepson, 76 Va. 173.
In Foreign Attachment Lien on Land.—Where a personal decree is entered against a defendant in a suit in the nature of a foreign attachment, this decree is a lien on the debtor’s land, and the creditor may come into equity to subject the land, although the decree has not been revived against the administrator of the debtor and no execution has ever been issued upon it. Burbridge v. Higgins, 6 Gratt. 119.
Against Court Receiver—Lien on Land.—Under §§ 1 and 2 of ch. 139 of the Code of West Virginia, a decree against a receiver of the court in favor of a party to the cause, has the effect of a judgment and is a lien on his lands, and the party entitled to the benefit of the decree is a judgment creditor. Rickard v. Schley, 27 W. Va. 617.
Attorney at Law Has Lien on Judgment or Decree Obtained.—An attorney at law has a lien on a judgment or decree obtained by him for his client for services and disbursements in the case, or in a case so connected with it as to form the basis on which such judgment is rendered, or essential to realizing such judgment or decree, but not for services in other cases. Fowler v. Lewis, 36 W. Va. 112, 14 S. E. Rep. 447.
b. Oe Entry.
On Sunday Void.—A decree rendered in vacation, and entered by the clerk in the chancery order book on Sunday is void because it is improperly entered. Lee v. Willis (Va.), 37 S. E. Rep. 826.
Vacation Decree—Effective from Entry in Order Book. —A vacation decree only becomes effective from the time it is entered in the chancery order book of the clerk’s office of the court in which the case is pend *327 ing. See § 3427, Va. Code, as amended by Acts 1897-98, p. 754; Lee v. Willis (Va.), 37 S. E. Rep. 826.
c. As Evidence.
Extracts of Decrees —Injunction Cause —On the trial of an action of debt on an injunction bond, extracts from the record of the injunction cause of the decrees in the cause, are competent and sufficient evidence, without producing the whole record. White v. Clay, 7 Leigh 68.
Decree In Suit by Committee against Sureties of Former Committee.- -A decree in a suit in equity by a committee of a lunatic against the sureties of a former committee, is evidence in a suit by the sureties who have satisfied the decree, against a purchaser from the first committee of bonds belonging to the estate of the lunatic, to show that they have been required to answer for the default of the first committee, and in such collateral proceeding the propriety of the decree cannot be inquired into. Edmunds v. Venable, 1 P. & H. 121.
Decree in Suit between Other Parties.—In tracing a title to land in controversy, a decree in a suit between other parties is not evidence against a person claiming under neither of them, that one of those parties was, in fact, as therein described, the eldest son and heir of a former proprietor, it being incumbent upon the party wishing to avail himself of such fact to prove it by evidence aliunde, but such decree may be received as a link in the chain of evidence to prove the fact that it was rendered. Lovell v. Arnold, 2 Munf. 167.
Of Fact That It Was Rendered and Its Consequences. —A decree is always evidence of the fact that such decree was rendered and of the legal consequences of that fact, whoever were the parties to the suit in which it was rendered; and where a title is derived under a decree, it is necessary to establish its existence in order to show the legal validity of the deed made under its authority. The admissibility of the record for that purpose as a fact, introductory to a link in the chain of the title, and constituting a part of the muniments of the party's estate, is a matter of familiar recognition and constant practice. Baylor v. Dejarnette, 13 Gratt. 152.
Decree of Partition—Link in Title.—Where a decree of partition is a necessary link in a chain of title, and. the decree and the report of the commissioners appointed to divide the lands on which the decree is based, it being sufficiently descriptive of the land referred to in the decree, they are competent evidence without the production of the whole record. Wynn v. Harman, 5 Gratt. 157.
Decree Directing Conveyance—-Link in Title.—A decree, which directs a conveyance of Hand by an officer of the court, being a necessary chain of title, is not of itself competent evidence to show the authority of the officer to convey lands embraced in his deed, unless it designates the land directed to be conveyed. But the whole record, or so much of it as will show what land was directed to be conveyed, must be produced with the decree. Masters v. Varner, 5 Gratt. 168, 50 Am. Dec. 114.
Against Person Not a Party.—A decree is not conclusive against persons who are not parties to the suit, and even as,against a party a decree is held .to be conclusive only upon what was brought directly in issue and not upon a matter incidentally brought into the controversy. As to those who are not parties, a decree is always evidence to prove that it was rendered, yet it is not a medium of proof of ulterior facts upon which it was founded or which may be recited in the record. Early v. Garland, 13 Gratt. 1.
d. Of Limitation.
To Appeal from Interlocutory Decree.—Although an interlocutory decree is rendered more than two years before a petition for appeal was presented, yet this petition was not barred by the statute of limitations as prescribed by the Va. Code of 1873, ch. 178, § 3. Hendricks v. Fields, 26 Gratt. 447.
Appeal Bond Not Given in Five Years.—Upon an appeal from a final judgment, decree, or order, if the appeal bond is not given within five years from the date of said judgment, decree or order, the appeal willbe dismissed. Yarborough v. Deshazo, 7 Gratt. 374.
From Final Decree—Two Years.—No error in a final or appealable decree will be considered upon an appeal not taken within two years from its date. Shumate v. Crockett, 43 W. Va. 491, 27 S. E. Rep. 240.
Appeals Do Not Review Decrees Entered over Two Years before.—An appeal taken in time from a decree will bring up for review every former order or decree not itself appealable, no matter when entered, and every appealable decree entered not more than two years before the appeal; but it will not bring up for review any appealable decree or order entered more than two years before the appeal. Nor can any error in the decree or order appealed from in time be reviewed, if that error be based solely on an appealable decree or order entered more than two years before the appeal; and furthermore, of course, no error in an order or decree back of such appealable decree, dating over two years back, can be reviewed, no matter what the character of the order of decree in which it was committed. Stout v. Philippi Manfg. & Mercantile Co., 41 W. Va. 339, 23 S. E. Rep. 571.
Suit for Conveyance Thirty Years after Decree Entered in Another State.—A decree of a court of another state for the conveyance of land in Virginia, will not be enforced in equity against bonajide purchasers without notice, or even against the heirs of a party against whom the decree was rendered, after the lapse of thirty years from the date of the decree before the institution of the suit. Massie v. Greenhow, 2 P. & H. 255.
Suit in One State of No Effect on Statute of Limitations in Another State.—A decree in a suit brought in Virginia against heirs to sell the lands descended to them and pay the debts of the ancestor and satisfy the widow’s dower, will not save such debts from the statute of limitations for the purposes of a suit prosecuted against lands in West Virginia. Hull v. Hull, 35 W. Va, 155, 13 S. E. Rep. 49.
X. COLLATERAL ATTACK.
General Jurisdiction—Collateral Impeachment.—A judgment or decree of a court of competent jurisdiction over the subject-matter thereof is conclusive against the parties thereto until it is set aside or reversed by some proceeding in the case, in the same, oran appellate court. It cannot be set aside or annulled in any collateral proceeding. Ballard v. Thomas, 19 Gratt. 14. See, to the same effect, Fisher v. Bassett, 9 Leigh 119; Devaughn v. Devaughn, 19 Gratt. 556; Durrett v. Davis, 24 Gratt. 302; Hill v. Woodward, 78 Va. 765, approving Wimbish v. Breeden, 77 Va. 324, and note appended to Pulaski County v. Stuart, 28 Gratt. 872, collecting authorities on this point.
Where a petition in a chancery suit refers to a decree entered therein, it must be taken as estab *328 lished by the petition itself that such a decree was entered, and it is very clear that that decree cannot be collaterally assathed in this proceeding. Perkins v. Lane, 82 Va. 59.
VoidabSe Proceedings of a Court Cannot Be Collaterally Attacked.—The general and well-settled rule of law is, that when erroneous proceedings of a court are collaterally drav/n in question and it appears that the subject-matter was within the jurisdiction of the court, they are voidable only. The errors and irregularities of any court are to be corrected by some direct proceeding either before the same court to set them aside, or in an appellate court. This principiéis well settled by Mr. Justice Miller in Cornett v. Williams, 20 Wall. (U. S.) 249, as follows: “The settled rule of law is, that jurisdiction having attached in the original cause, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the right of the parties unless impeached for fraud.” Pennybacker v. Switzer, 75 Va. 671.
When Adequate Remedy at Law—No Collateral Attack.—a decree which is entered in a chancery suit, the bill in which alleges no sufficient grounds for its jurisdiction, and the complainant has a complete remedy at law, is not void and liable to collateral attack. The decree is merely erroneous, but is conclusive until reversed or vacated. And the appellate court cannot determine whether the case was one of equitable jurisdiction or not without enquiring into the facts, and where enquiry is necessary the decree, however erroneous, is not void. Lemmon v. Herbert, 92 Va. 653, 24 S. E. Rep. 249.
Erroneous Decree Cannot Be Examined in a Court of Law.—if a decree is erroneous and conclusive as between two parties to a suit, these subjects are matters which cannot be examined in a collateral proceeding in a court of law. To undertake to do this would be to usurp the province of a court of chancery. All these are matters purely of equitable cognizance, with which a court of law had no concern. As long as such a decree remains unreversed, it has the force and effect of an adjudication upon the entire estate and is conclusive in a proceeding at law. Baylor v. Dejarnette, 13 Gratt. 152.
Death of Defendant Not Suggested—Final Decree Can» not Be Attached Collaterally.—Where the death of a defendant has not been suggested on the record, the validity of a final decree entered in the cause cannot be impeached by evidence of his death before the decree, given in another collateral action. This error in giving a decree after the death of the defendant should be shown in some proceeding by the proper parties to set aside said decree for that cause. Evans v. Spurgin, 6 Gratt. 107.
Erroneous Execution Authorized—No Collateral Attack.—If a decree in chancery erroneously authorizes execution to issue on the foot of the decree, this is error, which may be corrected by an appeal on other direct proceeding, but the decree cannot be attacked in a collateral proceeding. Bank v. Hays, 37 W. Va. 475, 16 S. E. Rep. 561.
VoidabSe Decree—Purchase by Fiduciary—No Collat= eral Attack.—At a sale of the land of two idiots, it was purchased by their committee. The report of the commissioner, which shows this, was confirmed and he was directed to convey the land to the committee. Though the decree confirming the sale to the committee was erroneous, as he is forbidden by statute to purchase or own the land during the incompetency of the idiots, yet the decree is not void but voidable and cannot be impeached collaterally and until it is reversed, must be held to be valid, and as passing a good title. Cline v. Catron, 22 Gratt. 378. See Spilman v. Johnson, 27 Gratt. 41; Lancaster v. Wilson, 27 Gratt. 630.
Jurisdiction Exceeded—Collateral Attack.—When a court exceeds its jurisdiction its decree is void and may be collaterally attacked. Seamster v. Blackstock, 83 Va. 232, 2 S. E. Rep. 36.
XI. ENFORCEMENT.
Equity Enforces Its Own Decrees—Manner.—It is well established that a court of equity always has jurisdiction to carry into effect its own decrees, and is not functus officio until the decree is executed by the delivery of possession. And where a person, not a party to the suit, is in possession of the property, and refuses to give it up, the usual course of the court is to make a rule upon such person, and unless he shows a paramount right in himself, to order the property to be delivered up, and to enforce such order by attachment, if necessary. Trimble v. Patton, 5 W. Va. 482. The enforcement of decrees maybe accomplished in the same manner as judgments. See Va. Code 1887, ch. 174 et seq.; W. Va. Code 1899, ch. 139 et seq.
Courts of equity will enforce their decrees by appointing a commissioner to convey a legal title outstanding in parties before the court to the party having the equitable title, and entitled to the legal title. Goodwin v. McCluer, 3 Gratt 291.
A court of equity has always jurisdiction to carry its own decrees into effect. Newman v. Chapman, 2 Rand. 93, 14 Am. Dec. 776.
When Clerk Cannot Issue Execution.—In a suit to subject land for the payment of the purchase money, there is a decree against the defendant for a sum certain, and if he shall fail to pay it within thirty days, a commissioner is directed to sell the land upon terms prescribed in the decree. Though circumstances may exist which will warrant the court, or a judge in vacation, to allow process of execution on such an interlocutory decree, these circumstances must be shown, and if not shown, it is improper to allow it. The clerk has no authority to issue an execution on 'this decree, without an order of the court, or the judge in vacation. Shackelford v. Apperson, 6 Gratt. 451.
XII. OF COURT OF APPEALS.
See monographic note on “Appeals.”
1. IN GENERAL.
New Party after Cause Remanded.—After a decree by an appellate court remands a cause to the lower court, new parties may be admitted. Anderson v. Anderson, 1 H. & M. 11.
Correction of Decree Injurious to Appellee.—On an appeal from a decree in chancery, an error to the injury of the appellee ought to be corrected, although he did not appeal. Day v. Murdoce, 1 Munf. 460.
Where Judges Are Equally Divided.—When a decree in chancery is affirmed, the court of appeals being equally divided in opinion, it should be ‘‘without prejudice to the legal remedies of the parties.” Martin v. Welch, 4 Munf. 60.
2. JURISDICTION.—See monographic note on “Jurisdiction.”
Pecuniary Decree for Less Than $ioo.—Where a decree is merely pecuniary for not over one hundre’d dollars, and is reversed on bill of review, or a petition for rehearing, an appellate court has no jurisdiction of an appeal from the decree of reversal. Deaton v. Mitchell, 45 W. Va. 670, 31 S. E. Rep. 968.
*329 Objection to Commissioner’s Report Must Be Founded on Exceptions Taken in Lower Court.—It has been uniformly held by the Virginia courts that objections to a decree for errors in the report of a commissioner, not appearing on the face of it, cannot avail in the appellate court unless founded on exceptions taken to the report in the court below. Simmons v. Simmons. 33 Gratt 451, and note collecting cases; Liberty Sav. Bank v. Campbell, 75 Va. 534; Peters v. Neville, 26 Gratt. 549; Coffman v. Sangston, 21 Gratt. 263; Cole v. Cole, 28 Gratt. 365; Wimbish v. Rawlins, 76 Va. 48; Ashby v. Bell, 80 Va. 811; Nickels v. Kane, 82 Va. 309; McComb v. Donald, 82 Va. 903, 5 S. E. Rep. 558; Cralle v. Cralle, 84 Va. 198, 6 S. E. Rep. 12; Morrison v. Householder, 79 Va. 627; Shipman v. Fletcher, 91 Va. 483, 22 S. E. Rep. 458; 2 Robinson’s Old Pr. 383.
Appeal Improvidently Awarded.—Where a court of appeals is of opinion that an interlocutory decree, which has been appealed from, should have been proceeded in further before the appeal was allowed, it will dismiss the same as improvidently awarded. Hughes v. Johnston, 12 Gratt. 479.
Production of New Matter Unknown at Time of De= cree.—Where a decree has been affirmed by an appellate court, a bill of review ought not to be granted to reverse it for any errors upon the face of the proceedings. But if new matter be produced, which was unknown to the party applying at the time of the decree, the court of appeals may, and if the evidence warrants it, ought to grant such bill of review. McCall v. Graham, 1 H. & M. 13.
3. WHEN IT WILL AFFIRM.
No Appeal unless Party is Prejudiced.—it is a rule of practice that although a decree may be erroneous as to the party appealing, it will not be reversed if he is not prejudiced thereby, but if it is reversed for error assigned by the appellees, they must pay their costs against the appellant, because they substantially prevathed in the appeal. Little v. Bowen, 76 Va. 724. See also, James v. Gibbs, 1 P. & H. 277; Handly v. Snodgrass, 9 Leigh 484; Kuhn v. Mack, 4 W. Va. 386; Handy v. Scott, 26 W. Va. 710. citing Clark v. Johnston, 15 W. Va. 804; McCandless v. Warner, 26 W. Va. 754.
Pending an appeal from a decree against the surviving partners and the executor of a deceased partner, one of the survivors died. The death not being suggested, the decree was reversed and the plaintiff’s bill was dismissed as to the surviving partners. A motion to set aside the decree because of the death of one of the surviving partners before the hearing was offered and overruled because there was still a surviving partner before the court, who represented the whole interest and because the appellee cannot complain of a decree in favor of the deceased party. Cunningham v. Smithson, 12 Leigh 33.
A party defendant has no right by bill of review or appeal to contest a decree, dismissing a bill, for in such case the decision is in his favor. If he desires any relief he should have filed a cross bill. Hopkins v. Baker, 2 P. & H. 110.
Conflicting and Contradictory Evidence.—if the evidence, on which the decree of the lower court is based, is conflicting and contradictory to such an extent that reasonable men may differ as to the true preponderance thereof, the appellate court will not reverse the finding of the circuit court. To secure such reversal the evidence must plainly preponderate against the decree. Camden v. Dewing (W. Va.), 34 S. E. Rep. 911; Yoke v. Shay (W. Va.), 34 S. E. Rep. 748; McIntosh v. Augusta Oil Co. (W. Va.), 35 S. E. Rep. 860; Fitzgerald v. Phelps, etc., Co., 42 W. Va. 570, 26 S. E. Rep. 315; Chrislip v. Teter, 43 W. Va. 356, 27 S. E. Rep. 288, affirming Smith v. Yoke, 27 W. Va. 639.
Where a record is confused and the proof is vague, the decree of the lower court will not be reversed by the court of appeals, unless it is clearly wrong. Hickman v. Painter, 11 W. Va. 386.
Incompetent Testimony Not Disposed of.—Where a decree is plainly right, the failure o f the circuit court to dispose of exceptions to incompetent testimony is not sufficient to cause the reversal thereof. Woods v. Stephenson, 43 W. Va. 149, 27 S. E.. Rep. 309.
Correct Decree on Incorrect Reasons.—When the lower court correctly decrees in a cause, but assigns incorrect reasons for it, if it is a proper decree for other reasons, it will be affirmed. Boyd v. Cleghorn, 94 Va. 780, 27 S. E. Rep. 574; Vance Shoe Co. v. Haught, 41 W. Va. 275, 23 S. E. Rep. 553.
Errors of Form.—'Upon an appeal from an interlocutory decree, the principles of the decree, and not the mere informalities in the form thereof, are the proper subjects of the consideration of the appellate court; the decree will not be reversed for such errors of form, but will be affirmed without prejudice to the right of the appellant to move the lower court for the modification of the decree in these respects. Woodson v. Perkins, 5 Gratt. 345.
Erroneous as to Costs—Palpable Error, —it is a rule of practice in the appellate courts, that when the decree of the lower court is found to be right upon the merits, not to interfere with the decision with respect to costs, unless it is a case of palpable error. Wimbish v. Blanks, 76 Va. 365; Boggess v. Robinson, 5 W. Va. 402.
Decree of Dismissal Where Bill Radically Defective. —Where a bill in chancery is defective, not only for want of proper parties, but in other respects, so that no decree Cor the plaintiff can be entered, a decree ‘which dismissed the bill altogether, ought to be affirmed ; but where it appears probable that something might be recovered under a new bill properly drawn, such decree ought to be affirmed without prejudice to any other suit the plaintiff might bring. Stott v. Baskerville. 6 Munf. 20.
Warranty in Deed in Absence of Directions.—Where a decree directs heirs to make a deed under a contract of their ancestors, but does not state whether it shall be made with special or general warranty, it will not be reversed, as they could only be required to give special warranty, and it cannot be construed to require general warranty. Boggess v. Robinson, 5 W. Va. 402.
Proof of Order of Publication by Certificate of Printer —No Exception below—No Ground for Objection.-In a suit in chancery against absent defendants, the only proof of the order of publication was a certificate of the printer, which was not verified by oath. No exception was taken to this, and the court declared that the plaintiff had proceeded regularly and gave him a decree against the absent defendants. Upon an appeal from this decree neither party can object to the want of proof of the publication. Cunningham v. Smithson, 12 Leigh 33.
Irregularities in Revival Cured by Recital.—An appellant has no right to complain that there was an irregularity in the revival of a suit, if it sufficiently appears from a recital in the decree that the cause had been duly revived in the name of the heirs of the appellee, who were parties to and defending the appeal. Mustard v. Wohlford, 15 Gratt. 329.
*330 No Day Given an Infant to Show Cause.—It is not a sufficient ground for reversing an interlocutory decree, that no day was given to an infant defendant to show cause against it, after he should become of age, because such omission may beEcorrected in the final decree. Pickett v. Chilton, 5 Munf. 467.
4. WHEN IT WILL AMEND.
Directing Conveyance with No Provision for Payment of Purchase Money.—An infant sells land to one person, and on coming of age sells toianother person avoiding the first sale. The second purchaser sues for a recovery, and the decree directs a conveyance by the first purchaser, but does not provide for the payment of the purchase money due from the plaintiff. An appellate court will amend the decree and affirm it. Mustard v. Wohlford, 15 Gratt. 329.
Modification of Decree Appealed from by Consent.— After an appeal has been allowed in a cause, a consent decree is made modifying in one respect the decree appealed from. The appellate court may amend the decree appealed from in that respect and affirm it. Peters v. Neville, 26 Gratt. 549.
Omission to Direct Dismissal.—The appellate court will affirm and amend a decree which has been entered in a superior court of chancery, reversing that of an inferior court, but omits to direct that the bill be dismissed. Heffner v. Miller, 2 Munf. 43.
Decree Not Perpetual in Toto.—where a decree by which an injunction is made perpetual in part, is considered erroneous, to thelinj ury of the appellee in not having made it perpetual in toto, the court of appeals will affirm so much as allows him his costs in the court of chancery; andlreversing the residue, and making such decree as that court should have made, will also allow him his costs in this court. Defarges v. Lipscomb, 2 Munf. 451.
Its Own Decree after Expiration of Term.—It was held in Southern By. Co. v. Glenn, 7 Va. Law Reg. 532, that it was not within the power of the supreme court of appeals to amend its own decree for a mistake due to clerical error, where the application for relief was filed after the expiration of the term at which the decree was rendered, or where the period within which a petition for a rehearing is proper has expired.
5. WHEN IT WILL REVERSE.
A Cause Not Heard in Open Court.—Bach party to a suit is entitled to be heard before the court upon the questions involved, and to have its judgments after such hearing, and when a cause was not heard in open court, and a final decree was entered, the appellate court should reverse the decree, and remand it to the lower court for trial. An appellate court must go by the record, and as this is incomplete, great injustice might be done, if it were to pass upon the merits of the case, before the cause was first heard and acted upon below. Monroe v. Bartlett, 6 W. Va. 441.
No Pinal Decree Rendered by Circuit Judge in Vaca» tion.—Under the principle laid down by the West Virginia court in Monroe v. Bartlett, 6 W. Va. 441, it is held fatal to a decree for it to be rendered in vacation by a judge of the circuit-court, which purports to be final as to any matter embraced in it. On an appeal taken from such a decree the appellate court will not dismiss the appeal because the decree was rendered without sufficient authority by the judge, but will take jurisdiction of the case and decree only as to the reversal, and will remand the cause to t-he lower court there to he proceeded with and determined according to the rules and usages governing courts of equity in this state, because it j is not proper for the appellate court to determine and decree upon the merits of a case before it has been heard and acted upon by the court below. Rollins v. Fisher, 17 W. Va. 578; Johnson v. Young, 11 W. Va. 673. See also, Gilmer v. Baker, 24 W. Va. 72, and Kinports v. Rawson, 29 W. Va. 487, 2 S. E. Rep. 85.
Against Administrator—On Admission That Sufficient Debts Are Due.—It is an error to decree that an administrator d. b. n. shall pay a debt of his testator out of the assets in his hands, upon an admission in his answer that there are debts due the estate more than sufficient to pay all the debts. Such decree will be reversed on appeal. Kent v. Cloyd, 30 Gratt. 555.
Same—Without Refunding Bond by Legatee.—It is error, although the bill be taken for confessed, to decree against an administrator d. b. n., that he shall pay a legacy, without requiring the legatee to give bond and security for refunding his “due proportion of any debts, which may hereafter appear against the estate of the testator, and the costs attending the recovery thereof,” and on appeal it will be reversed. Rootes v. Webb, 4 Munf. 77; McRae v. Brooks, 6 Munf. 157; Clay v. Williams, 2 Munf. 105; Stovall v. Woodson, 2 Munf. 303; Sheppard v. Starke, 3 Munf. 29.
Reversal of Joint Decree on Appeal by One—West Virginia Statute.—At common law, a judgment erroneous as to one is erroneous as to both and must be reversed as to all; but in equity, under the West Virginia statute (§ 26, ch. 135, Code), If only one appeal from a joint decree, and the rights of parties stand on a different and separable ground, there may he a reversal only in part. Vance Shoe Co. v. Haught, 41 W. Va. 275, 23 S. E. Rep. 553.
An appellate court, when it reverses a joint decree against defendants, one of whom was not before the court and the other had, however, appeared and answered, will reverse it as to both. Lyman v. Thompson, 11 W. Va. 427.
Appeal by One of Two Defendants.—A suit in chancery was brought against A and B in which there was a decree entered against A for debt, and against B declaring a conveyance by A to him fraudulent as against the plaintiffs. B appealed from the decree so far as it affected him, and it was reversed to that extent, but it was held that it could not be reversed against A who had not appealed, though the court of chancery has no jurisdiction to make a decree against him. Tate v. Liggat, 2 Leigh 84.
In Favor of Informal Party—Estoppel.—Where a decree is rendered against the plaintiff in favor of a defendant, who is informally introduced in the case, this decree will be reversed on appeal, unless it appears that the plaintiff Was present at the time, and made no objection; and that the cause was fully and fairly heard on its merits. McMullen v. Eagan, 21 W. Va. 233.
Cause Decided without Replication Which Is in Record.—Where a cause was decided upon the bill and answer, and the record shows that there was a replication, and the case made by the bill and answer was different from that made when the replication was taken into consideration, the appellate court will reverse the decree entered upon the bill and answer. No decree will be entered upon the bill, answer and general replication thereto as such had never been before the lower court and had never been acted upon for it. The cause will be remanded to the lower court to be proceeded upon, as *331 if there had been no decree in the canse. Armstrong v. Town of Grafton, 23 W. Va. 50.
Interest on Aggregate of Principal and Interest Prior to Decree.—It is error to decree interest on the aggregate of principal and interest from a time anterior to the decree, yet if the difference is less than 8100 and that is the only error appearing by the record, the decree will be reversed and a proper one will be entered. Lamb v. Cecil, 25 W. Va. 288.
Allegata Must Correspond with Probata.--The aliesata of a bill must correspond with the probata, and a decree will be reversed which is founded on allegations other than those which are stated in the bill. In this case it cannot be amended so as to justify any decree thereon, but the bill must be dismissed. Bier v. Smith, 25 W. Va. 830.
No Order of Publication against Absent Defendants.— Before a decree will be rendered in a cause, all parties materially interested therein must be before the court, either iu person, or they must have been proceeded against by order of publication, if absent defendants, and if as to the absent defendants there has been no order of publication executed, and they were material parties, the decree will be reversed. Scott v. Ludington, 14 W. Va. 387; Morris v. Peyton, 10 W. Va. 1.
Proper Parties Absent—It is immaterial in what manner it is brought to the attention of the court that the decree complained of was rendered in the absence of proper parties; the cause will be reversed and remanded, in order that proper parties may be made. Gallatin, etc., Co. v. Davis, 44 W. Va. 109, 28 S. E. Rep. 747; Graves v. Hedrick, 44 W. Va. 550, 29 S. E. Rep. 1013. Unless the objection was expressly relinquished in the lower court. Sheppard v. Starke, 3 Munf. 29.
Same—Essential Pacts Omitted.—The court of appeals will reverse a decree which has been entered in favor of the plaintiff, where he had shown a right to recover against parties before the court, but had fathed to state the facts necessary to justify a decree in his favor, or has omitted to make other necessary parties. In the lower court the bill should not be dismissed but the plaintiff should be allowed to amend his allegations and bring in the necessary parties. Welton v. Hutton, 9 W. Va. 339.
Same—Rights and Liabilities Not Ascertained.—The decree of a circuit court will be reversed when the proper parties were not before the court, and when the rights and liabilities of the parties were not properly ascertained and adjusted in the suit. Hoge v. Vintroux, 21 W. Va. 1.
6. ITS EFFECT.—See “Res Judicata,” supra.
Decree of Court of Appeals Is Pinal.—The decree of the court of appeals upon a question decided by a lower court is final and irreversible, and upon a second appeal in the same cause, the question decided. upon the first appeal cannot be reversed. This rule holds good whether the decree of the lower court be final or interlocutory, as all decrees of the appellate court are in their nature final. Campbell v. Campbell, 22 Gratt. 649; N. Y., etc., Co. v. Clemmitt, 77 Va. 366; Stuart v. Preston, 80 Va. 625; Alex. Savings Inst. v. McVeigh, 84 Va. 41, 3 S. E. Rep. 885; Krise v. Ryan, 90 Va. 711, 19 S. E. Rep. 783; Turner v. Staples, 86 Va. 300, 9 S. E. Rep. 1123; Henry v. Davis, 13 W. Va. 235; Mason v. Harper’s Ferry, etc., Co., 20 W. Va. 223; Seabright v. Seabright, 33 W. Va. 152, 10 S. E. Rep. 265.
A question is not open to the consideration of the trial court wheu it has been passed upon by the court of appeals, at least upon the ground on which it is assathed. To that extent it is the law of the case, and is final and irreversible. Rosenbaum v. Seddon, 94 Va. 575, 27 S. E. Rep. 425, citing Holleran v. Meisel, 91 Va. 148, 21 S. E. Rep. 658; Norfolk, etc., R. Co. v. Mills & Fairfax, 91 Va. 625, 22 S. E. Rep. 556; Cahoon’s Case, 21 Gratt. 822; Campbell v. Campbell, 22 Gratt. 649; Bank v. McVeigh, 29 Gratt. 554; New York, etc., Co. v. Clemmitt, 77 Va. 366; Effinger v. Kenney, 79 Va. 553; Findlay v. Trigg, 83 Va. 539, 3 S. E. Rep. 142; W., etc., R. Co. v. Cazenove, 83 Va. 744, 3 S. E. Rep. 433; Turner v. Staples, 86 Va. 300, 9 S. E. Rep. 1123.
A chancery court cannot correct on motion or by bill of review, any error apparent on the face of the proceedings, in a decree which has been affirmed by the court of appeals. Campbell v. Price, 3 Munf. 227.
A court of chancery cannot upon the same facts alter a decree of the court of appeals. Price v. Campbell, 5 Call 115. Nor change its terms. White v. Atkinson, 2 Call 376.
Overruling Exceptions by Appellate Court Is Conclusive.—Upon an appeal from a final decree made upon a report of a commissioner, to which there were various exceptions made, the appellate court overruled all the exceptions of the appellant to the report except one, and the decree was reversed and the cause remanded for the proper inquiries in regard to that exception. This decree is conclusive upon all the other questions. Deneufville v. Travis, 5 Gratt. 28.
When Dismissal as to One Is Dismissal as to All.—A and B were codefendants in a suit in chancery l'or a recovery of slaves and an account of their profits. B claimed the slaves under a mortgage to him by A. There was a decree for the slaves and profits against both defendants. B alone appealed from the decree and the court held that the plaintiffs had no right, considered the whole cause before it, and dismissed the bill as to A as well as to B. Dickenson v. Davis, 2 Leigh 401.
Where a suit for specific performance was brought against two joint owners of land under a joint contract made by them for its sale, a defence was set up by the answer of one, which was equally applicable to both, and as to the other, the bill was taken for confessed. When the decree was rendered against both parties, the one as to whom the bill was taken for confessed may appeal, and if the decree was erroneous it will be reversed as to both. Purcell v. McCleary, 10 Gratt. 246.
Of Equal Division of Opinion.—Where a decree of the lower court was affirmed in consequence of an equal division of opinion in the higher court, this is a decision which settles the principles of the cause involved in the decree of the lower court. Philips v. Williams, 5 Gratt. 259.
Of Reversal of a Subsequent Decree Based on Prior. “Ptisan inevitable consequence that when a subsequent decree is based solely upon a previous decree in the same cause, the reversal of the latter will necessarily result in the reversal of the former. Jones v. Gillespie, 32 W. Va. 343, 9 S. E. Rep. 235.
Of Reversal in Part and Affirmance in Part.—it is a familiar doctrine that where a decree is reversed in part and affirmed as to the residue, the reversal in part does not destroy the lieu of so much of the decree as is unreversed or affirmed; and one prominent reason for this is, that equity looks to the substance, and not to the mere form. Knifong v. Hendricks, 2 Gratt. 212; Moss v. Moorman, 24 Gratt. 97; Shepherd v. Chapman, 83 Va. 215, 2 S. E. Rep. 273.